[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION OF HARTFORD INSURANCE GROUP TO INTERVENE
The plaintiff, Judith Sheffield, claims she was injured by the defendants, Robert and Barbara Ratchford, during the course of her employment with prospective intervenor Hartford Insurance Group.
The plaintiff's writ of summons in the plaintiff's lawsuit against the defendants was signed by her counsel on April 21, 1992. On April 27, 1992, plaintiff's counsel sent a notice regarding the lawsuit to plaintiff's employer by certified mail, return receipt requested, and enclosed a copy of the summons and complaint. The notice referred to the plaintiff as having been injured in the course of her employment, and it referenced Conn. Gen. Stat. 31-293.
Conn. Gen Stat. 31-293 provides:
ix: If either the employee or the employer brings an action against the third person, he shall immediately notify the other, in writing, by personal presentation or by registered or of the court to which the writ is returnable, and the other may join as a party plaintiff in CT Page 6620-AA the action within thirty days after such notification, and, if the other fails to join as a party plaintiff, his right of action against the third person shall abate.
On April 29, 1992, the sheriff made service of the plaintiff's writ of summons and complaint on the defendants. Also on April 29, 1992, the U.S. Postal Service delivered the plaintiff's notice regarding the lawsuit to the plaintiff's employer.
The employer took no action until May 17, 1993, when it filed this Motion to Intervene. The plaintiff objects, on the grounds. that the employer's failure to seek intervention within the thirty days prescribed under Sec. 31-293 precludes it from now doing so. The employer claims that the notice was "defective" because it was sent prior to the bringing of the action.
An action is commenced on the date of service of the writ upon the defendant. Lacasse v. Burns, 214 Conn. 464, 475-76 (1990) ("commenced" and "brought" have coextensive meanings). The actual receipt of the notice by the prospective intervenor occurred on the same date the action was "brought," i.e. served on the defendants. The notice correctly described the state of affairs that existed on the day the prospective intervenor received it, that "Ms. Sheffield has brought a civil action . . . in Superior Court, Judicial District of Waterbury. . . . "Exhibit A, annexed to Plaintiff's CT Page 6620-BB Objection, Doc. #113.
The court need only deal with the set of facts before it, and need not analyze how the statute might apply if the facts were otherwise.[1] The notice was not defective as claimed by the prospective intervenor.
It is clear that a prospective intervenor/employer "may join as a party plaintiff in the action within thirty days after such notification and, if [the employer] files to join as a party plaintiff, his right of action against the third person shall abate." Conn. Gen. Stat. 31-293, emphasis supplied.
This court lacks discretion to allow intervention at this late date.
The Motion of Hartford Insurance Group to Intervene is denied.