ROBERT DURRSCHMIDT *v.* PETER LOUX ET AL.
(14826)

PETERS, C. J., CALLAHAN, NORCOTT, KATZ and PALMER, Js.

Argued March 23—decision released July 12, 1994

*Anne Kelly Zovas,* with whom, on the brief, was *Lucas D. Strunk,* for the appellant (Field View Farm Transportation, Inc.).

*Louis J. Martocchio,* for the appellee (plaintiff).

PALMER, J. The sole question raised by this certified appeal is whether an employee who brings an action to recover damages against a third party for a personal injury that gives rise to a workers' compensation claim is required by the notice provisions of General Statutes § 31-293[1] to inform his or her employer of the employment relationship. We conclude that notice of the employment relationship is not required under § 31-293.

The material facts are not in dispute. The plaintiff, Robert Durrschmidt, sustained injuries while unloading fertilizer from a truck in the course of his employment with Field View Farm Transportation, Inc. (Field View). Following the accident, the plaintiff collected workers' compensation benefits from Field View. In March, 1991, the plaintiff brought this personal injury action against the defendants, Peter Loux, doing busi-

[1] General Statutes § 31-293 provides in relevant part: "When any injury for which compensation is payable under the provisions of this chapter has been sustained under circumstances creating in a third person other than the employer a legal liability to pay damages for the injury, the injured employee may claim compensation under the provisions of this chapter, but the payment or award of compensation shall not affect the claim or right of action of the injured employee against the third person, but the injured employee may proceed at law against the third person to recover damages for the injury; and any employer having paid, or having become obligated to pay, compensation under the provisions of this chapter may bring an action against the third person to recover any amount that he has paid or has become obligated to pay as compensation to the injured employee. If either the employee or the employer brings an action against the third person, he shall immediately notify the other, in writing, by personal presentation or by registered or certified mail, of the action and of the name of the court to which the writ is returnable, and the other may join as a party plaintiff in the action within thirty days after such notification, and, if the other fails to join as a party plaintiff, his right of action against the third person shall abate."

ness as Loux Leasing Co., and Nutrico, Inc., seeking damages for their alleged negligence in the maintenance of the truck that he had been unloading when he sustained his injuries.

On June 6, 1991, the plaintiff, through counsel, notified Field View by certified letter of his suit against the defendants. That letter stated: "In accordance with Conn. Gen. Stat. Section 31-293 (a), attached you will find a copy of the lawsuit instituted in Superior Court of Ansonia/Milford at Milford initiated against Peter Loux d/b/a Loux Leasing Company and Nutrico, Inc. for your information." Neither the letter nor the accompanying complaint stated that the plaintiff was an employee of Field View.

On October 1, 1991, Field View filed a motion to intervene in this action. The plaintiff objected on the ground that the motion had been filed too late because § 31-293 required Field View to have filed its motion within thirty days from June 6, 1991, the date Field View received notice of the plaintiff's action against the defendants. Field View acknowledged that it had received the notification letter and complaint on June 6, 1991, but claimed that its receipt of those documents did not trigger the thirty day filing period because neither the letter nor the complaint expressly stated that the plaintiff was an employee of Field View. The trial court concluded that notice of the employment relationship was not required by § 31-293, and, accordingly, denied Field View's motion to intervene as untimely. The Appellate Court summarily affirmed the judgment of the trial court,[2] and we granted Field View's petition for certification limited to the following issue: "Does the notice to the employer pursuant to General Statutes § 31-293 require notice of an employment relationship between the person giving notice and its recip-

[2] *Durrschmidt* v. *Loux*, 31 Conn. App. 917, 625 A.2d 848 (1993).

ient?"[3] *Durrschmidt* v. *Loux,* 227 Conn. 915, 632 A.2d 690 (1993). We affirm the judgment of the Appellate Court.

" 'General Statutes § 31-293 grants to an employer who has paid worker's compensation a right to join as a party plaintiff in actions by employees against third party tortfeasors; *Robinson* v. *Faulkner,* 163 Conn. 365, 377, 306 A.2d 857 (1972); provided that the right is exercised in a timely fashion. *Olszewski* v. *State Employees' Retirement Commission,* 144 Conn. 322, 325, 130 A.2d 801 (1957).' *Ricard* v. *Stanadyne, Inc.,* [181 Conn. 321, 323, 435 A.2d 352 (1980)]. An employer who does not receive notice from an employee concerning the institution of a third party action in accordance with § 31-293 '[cannot] be barred from intervening by the passage of the [thirty day filing period] which this statute prescribes, because, until notice is given, the time does not begin to run.' *Lakewood Metal Products, Inc.* v. *Capital Machine & Switch Co.,* 154 Conn. 708, 710, 226 A.2d 392 (1967)." *Winslow* v. *Lewis-Shepard, Inc.,* 216 Conn. 533, 537, 582 A.2d 1174 (1990). Therefore, because Field View failed to file its motion to intervene within thirty days of its receipt of the plaintiff's letter, its motion was timely only if the plaintiff's letter and the accompanying complaint[4] did not constitute notice under § 31-293.

We have recently reviewed the notification requirements of § 31-293. In *Winslow* v. *Lewis-Shepard, Inc.,* supra, 216 Conn. 533, an employer filed a motion to

---

[3] General Statutes § 31-293 also provides that the employer shall notify the employee of any action brought by the employer against a third party with a legal liability to pay damages for the employee's work-related injury.

[4] The information contained in the complaint accompanying the plaintiff's letter to Field View may also be considered in determining whether Field View received notification in accordance with the requirements of General Statutes § 31-293. See *Winslow* v. *Lewis-Shepard, Inc.,* supra, 216 Conn. 539 n.2.

intervene in an employee's action against a third party tortfeasor thirty-three days after receipt of notice of the action from the employee. The employer argued that the employee's notification letter was insufficient under § 31-293 because it failed to apprise the employer of certain information, including the employer's intervention rights, the legal consequences to the employer of an untimely intervention motion, the compensation claim involved and the date of the alleged injury. Id., 538–39. We rejected the employer's interpretation of § 31-293 because, "under § 31-293, an employee or employer who brings a third party action must simply notify the other of two facts: (1) the fact that the action has been brought; and (2) the name of the court to which the writ in the action is returnable. The plain terms of the statute require no more." Id., 538. "The legislature's specific statement that notice must be given only of certain facts connotes the legislative intent to exclude that which is not specifically stated. . . . It is not for this court to impose obligations not intended by the legislature." (Citations omitted; internal quotation marks omitted.) Id., 540.

Our analysis in *Winslow* is dispositive of the issue now before us.[5] Section 31-293 requires notification of only two facts, that an action has been brought and the court to which the writ in that action is returnable. We decline to impose an additional notice requirement urged by Field View because the legislature, in enacting § 31-293, has not done so.

Field View argues that in light of the centrality of the employment relationship to the workers' compensation scheme, notice that does not expressly reference the employer-employee relationship cannot satisfy

---

[5] In *Winslow*, we expressly declined to consider the question raised by this appeal because in that case notice of the employment relationship had been provided to the employer by the employee. *Winslow* v. *Lewis-Shepard, Inc.*, supra, 216 Conn. 539 n.2.

§ 31-293. Although the employment relationship gives rise to the parties' substantive rights and obligations under the workers' compensation statutes, it does not follow that the legislature must have intended that notice under § 31-293 include a specific reference to that relationship. As we concluded in *Winslow*, " '[t]he legislature is supreme in the area of legislation, and courts must apply statutory enactments according to their plain terms.' . . . Accordingly, we cannot read additional notice obligations into the terms of § 31-293 merely because [the employer] deems notice of particular facts necessary for it to exercise its right to intervene in a timely fashion. Accord *Johnson* v. *Manson*, 196 Conn. 309, 315, 493 A.2d 846 (1985), cert. denied, 474 U.S. 1063, 106 S. Ct. 813, 88 L. Ed. 2d 787 (1986)." *Winslow* v. *Lewis-Shepard, Inc.*, supra, 216 Conn. 540.

Field View concedes that the letter and complaint were sufficient to alert it to the fact that the plaintiff had brought a personal injury action against the defendants in the Superior Court for the judicial district of Ansonia-Milford. Furthermore, the letter expressly provided that the accompanying complaint had been forwarded to Field View "[i]n accordance with Conn. Gen. Stat. Section 31-293 (a)," the statutory provision that authorizes an employer's timely intervention in an employee's action against a third party tortfeasor. Because the notice received by Fair View on June 6, 1991, satisfied the requirements of § 31-293, Field View's motion to intervene, filed well after the expiration of the thirty day period, was properly denied by the trial court.

The judgment of the Appellate Court is affirmed.

In this opinion the other justices concurred.