BARBARA L. RANA *v.* FRANK RITACCO
(12816)

O'CONNELL, HEIMAN and SPEAR, Js.

Argued November 1, 1994—decision released January 24, 1995

*James L. Sullivan,* with whom, on the brief, was *James D. Moran, Jr.,* for the appellant (Whittaker Corporation).

*Kerin M. Woods,* for the appellee (plaintiff).

HEIMAN, J. Whittaker Corporation, the plaintiff's employer, appeals from the decision of the trial court denying its motion to intervene in its employee's action against a third party.[1] On appeal, the employer claims that it did not receive proper notice of the pending action pursuant to General Statutes § 31-293.[2]

The following facts are relevant to this appeal. The plaintiff is employed by Whittaker Corporation (employer) as director of procurements. On January 23, 1989, while acting in the course of her employment, the plaintiff sustained various injuries when she slipped and fell in the hallway leading into her office. The

[1] The trial court's denial of Whittaker Corporation's motion to intervene, although interlocutory, constitutes an appealable final judgment. See *Winslow* v. *Lewis-Shepard, Inc.*, 216 Conn. 533, 536, 582 A.2d 1174 (1990). "The test for determining whether an order denying a motion to intervene constitutes a final judgment is whether the would-be intervenor can make 'a colorable claim to intervention as a matter of right.' *Ricard* v. *Stanadyne, Inc.*, 181 Conn. 321, 322 n.1, 435 A.2d 352 (1980); *Common Condominium Assns., Inc.* v. *Common Associates*, 5 Conn. App. 288, 291, 497 A.2d 780 (1985)." Id. An employer seeking to join as coplaintiff in an employee's action against a third party tortfeasor makes a colorable claim to intervention as a matter of right because General Statutes § 31-293 specifically grants an employer the right to intervene. Id. The denial of the motion to intervene in this case, therefore, constitutes a final judgment and we will review the merits of Whittaker Corporation's claims.

[2] General Statutes § 31-293 provides in pertinent part: "(a) When any injury for which compensation is payable under the provisions of this chapter has been sustained under circumstances creating in a third person other than the employer a legal liability to pay damages for the injury . . . the injured employee may proceed at law against the third person to recover damages for the injury; and any employer having paid, or having become obligated to pay, compensation under the provisions of this chapter may bring an action against the third person to recover any amount that he has paid or has become obligated to pay as compensation to the injured employee. If either the employee or the employer brings an action against the third person, he shall immediately notify the other, in writing, by personal presentation or by registered or certified mail, of the action and of the name of the court to which the writ is returnable, and the other may join as a party plaintiff in the action within thirty days after such notification, and, if the other fails to join as a party plaintiff, his right of action against the third person shall abate. . . ."

employer extended benefits to the plaintiff under the Workers' Compensation Act.

On December 19, 1990, the plaintiff issued a complaint against the defendant, Frank Ritacco, as owner of Ocean State Cleaning. Her complaint alleged that the defendant was liable to her for her injuries, asserting that the defendant was negligent both in allowing a slippery wax to remain on the floor and in failing to warn the plaintiff of the dangerous condition. The summons and complaint were thereafter delivered to the sheriff with a return date of January 22, 1991.

On December 20, 1990, the plaintiff mailed notice to her employer of her intention to bring an action against the defendant.[3] The notice was sent by certified mail and was acknowledged as received by the employer on January 7, 1991. On June 18, 1993, the employer moved to intervene as a coplaintiff. The plaintiff objected, asserting that the motion was not timely in that it was not filed within thirty days of the plaintiff's notice of the pending action. The motion to intervene was denied by the trial court on August 23, 1993, and this appeal followed.

On appeal, the employer claims that the trial court improperly denied its motion to intervene because the notice it received did not comport with the requirements of § 31-293. Essentially, the employer argues that § 31-293 requires that an employee send notice after the summons and complaint have been returned to court in order to give an employer the full benefit

[3] The content of the plaintiff's notice to Whittaker Corporation is as follows: "In accordance with Section 31-293 of the Connecticut General Statutes, this will inform you that suit has been commenced on behalf of Barbara Rana in the above-noted matter. Enclosed please find copy of Writ, Summons and Complaint which has this day been forwarded to our sheriff for service on the named defendant. You will note that this action is being brought in the New London Judicial District at Norwich and has a return date of January 22, 1991."

of the thirty day period in which to intervene. We agree and reverse the decision of the trial court.

" 'In construing a statute, common sense must be used, and the courts will assume that the legislature intended to accomplish a reasonable and rational result. . . . A statute . . . should not be interpreted to thwart its purpose.' (Citations omitted; internal quotation marks omitted.) *Board of Education* v. *State Board of Labor Relations*, [217 Conn. 110, 126–27, 584 A.2d 1172 (1991)]." *Police Dept.* v. *State Board of Labor Relations*, 225 Conn. 297, 303, 622 A.2d 1005 (1993).

"General Statutes § 31-293 grants to an employer who has paid worker's compensation [benefits] a right to join as a party plaintiff in actions by employees against third party tortfeasors . . . ." (Citations omitted; internal quotation marks omitted.) *Durrschmidt* v. *Loux*, 230 Conn. 100, 103, 644 A.2d 343 (1994), quoting *Winslow* v. *Lewis-Shepard, Inc.*, 216 Conn. 533, 537, 582 A.2d 1174 (1990); see also *Gurliacci* v. *Mayer*, 218 Conn. 531, 578, 590 A.2d 914 (1991). This statute gives an employer a means of obtaining reimbursement for any worker's compensation benefits paid by it for which a third party may be liable. *Quire* v. *Stamford*, 231 Conn. 370, 375, 650 A.2d 535 (1994). The failure of an employer to intervene within thirty days after notification of an action prohibits it from later asserting a right to any recovery that the plaintiff employee may be awarded. General Statutes § 31-293.

The thirty day limitation period of § 31-293 is not triggered without proper notice to the employer of the action in which it may intervene. *Durrschmidt* v. *Loux*, supra, 230 Conn. 103; *Gurliacci* v. *Mayer*, supra, 218 Conn. 578. "Fundamental tenets of due process . . . require that all persons directly concerned in the result of an adjudication be given reasonable notice and the

opportunity to present their claims or defenses. . . ." (Citations omitted.) *Kron* v. *Thelen*, 178 Conn. 189, 193, 423 A.2d 857 (1979).

We, as well as our Supreme Court, have consistently interpreted adequate and proper notice under § 31-293 to require a plaintiff to notify an employer "of two facts: (1) the fact that the action has been brought; and (2) the name of the court to which the writ in the action is returnable." *Winslow* v. *Lewis-Shepard, Inc.*, supra, 216 Conn. 538; see also *Durrschmidt* v. *Loux*, supra, 230 Conn. 104.

It is well established in Connecticut that an action has not been brought until service of process has been made upon a defendant; *Hillman* v. *Greenwich*, 217 Conn. 520, 527, 587 A.2d 99 (1991); and returned to court. *Rogozinski* v. *American Food Service Equipment Corp.*, 211 Conn. 431, 433, 559 A.2d 1110 (1989); see also General Statutes §§ 52-45a and 52-46a. Until such service has been made and returned to court, no action exists in which an employer may intervene. Proper notice of a pending action must, therefore, await service of process on the defendant and return of process to the court in order to give to an employer the full benefit of the thirty day period outlined in § 31-293 in which to exercise its rights to intervene.

We note also that the plaintiff's focus on the word "returnable" in § 31-293 is misplaced. Despite her claim that the word returnable implies something that will occur in the future, we cannot interpret the language of a statute to achieve bizarre results. *State* v. *Jiminez*, 228 Conn. 335, 341, 636 A.2d 782 (1994). To hold that an employee may give notice of an action before service has been made on a defendant and returned to court would allow a plaintiff to thwart the purposes of § 31-293. In civil actions, a return day may be set up

to two months after the date of process. General Statutes § 52-48 (b). Such process need not be served on the defendant until twelve days prior to the return day and need not be returned to the court until six days prior to the return day. General Statutes §§ 52-46 and 52-46a. If a plaintiff were allowed to send § 31-293 notice on the date that the complaint is issued, the thirty day period provided in the statute could run before there was any action in existence in which the employer could intervene. We cannot interpret a statute in a way that would allow a party to impede due process and its requirements of notice. *Police Dept.* v. *Board of Labor Relations*, supra, 225 Conn. 303; *Kron* v. *Thelen*, supra, 178 Conn. 193.

Because the plaintiff's employer did not receive proper notice of the plaintiff's action against the third party tortfeasor, the thirty day limitation period of § 31-293 cannot be used to bar its intervention in that action. "An employer who does not receive notice from an employee concerning the institution of a third party action in accordance with § 31-293 [cannot] be barred from intervening by the passage of the [thirty day filing period] which this statute prescribes, because, until notice is given, the time does not begin to run." (Internal quotation marks omitted.) *Durrschmidt* v. *Loux*, supra, 230 Conn. 103; *Gurliacci* v. *Mayer*, supra, 218 Conn. 578. The trial court, therefore, improperly denied the employer's motion to intervene.

The judgment is reversed and the case is remanded for further proceedings consistent with this opinion.

In this opinion the other judges concurred.