[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO INTERVENE #133
In this employee's product liability action returnable to the court on June 25, 1991, the defendant opposes the employer's November 17, 1994 motion to intervene as an intervening plaintiff, claiming the employer had prior "ample" notice. There is no evidence that the employer received the requisite "statutory" notice of the employee's suit.
On August 21, 1991, the plaintiff, Daniel Roberts, filed a single count complaint against the defendant, the Homelite Division of Textron, Inc. Roberts claims that he was injured while using a chain saw which Homelite manufactured. Roberts has brought his claim pursuant to Connecticut's product liability statute, General Statutes § 52-572m et seq.
On November 17, 1994, the City or Bridgeport filed a motion to intervene as co-plaintiff and to file an intervening complaint. Bridgeport subsequently filed a memorandum of law in support of its motion to intervene. In its complaint, Bridgeport claims that Roberts was injured during the course of his employment and that pursuant to General Statutes § 31-293, it can be reimbursed for workers compensation benefits that it has paid to Roberts.
On November 29, 1994, Homelite filed an objection to Bridgeport's motion to intervene. Homelite claims that because CT Page 1256 Bridgeport failed to intervene within 30 days of receiving notification of the action, Bridgeport's cause of action has abated.
"If either the employee or the employer brings an action against the third person, he shall immediately notify the other, in writing, by personal presentation or by registered or certified mail, of the action and of the name of the court to which the writ is returnable, and the other may join as a party plaintiff in the action within thirty days after such notification, and, if the other fails to join as a party plaintiff, his right of action against the third person shall abate." General Statutes § 31-293(a).
In its objection to the motion to intervene, the defendant, Homelite asserts that the case's original return date was June 25, 1991. Homelite asserts that Bridgeport had "ample notice" about, this case before it filed its motion to intervene. Homelite points out that on June 8, 1993, Bridgeport filed a Motion for Return of Property and Motion for Protective Order in this case.[1] Homelite concludes that the motion to intervene is late and should be denied.
In its memorandum in support of its motion to intervene, Bridgeport asserts two arguments. First, it argues that Homelite does not have standing to object to Bridgeport's intervention. Second, Bridgeport argues that it never received proper notice of Roberts' suit and therefore the thirty day period has not begun to run.
"An employer who does not receive notice from an employee concerning the institution of a third party action in accordance with § 31-293 [cannot] be barred from intervening by the passage of the [thirty day filing period] which this statute prescribes, because, until notice is given, the time does not begin to run." Internal quotation marks omitted.) Durrschmidt v. Loux,230 Conn. 100, 103, 644 A.2d 343 (1994). When the employer has actual notice but the employee has not given notice pursuant to the statute, the employer may intervene. Gurliacci v. Mayer, 218 Conn. 531, 579,590 A.2d 914 (1991). "[U]nder 31-293, an employee or employer who brings a third party action must simply notify the other of two facts: (1) the fact that the action has been brought; and (2) the name of the court to which the writ in the action is returnable. The plain terms of the statute require no more."Durrschmidt v. Loux, supra, 104. CT Page 1257
Homelite has not submitted any evidence which indicates when, if ever, Bridgeport received notice according to the statute.
Without such a showing, the court cannot find that the motion to intervene was filed late. Accordingly, the motion to intervene is granted.
Because of the court's resolution about the timeliness of the motion to intervene, the court does not have to decide whether Homelite has standing to object to Bridgeport's motion to intervene.
COCCO, JUDGE