[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, Thomas L. Spiwak, filed a one count complaint alleging negligence against the defendant, Sally C. Gagnon, for injures arising out of an automobile accident. The plaintiff's employer at the time of the accident, Thorn EMI, Inc. d/b/a Rent-A-Center ("Thorn"), paid Workers' Compensation benefits to the plaintiff.
Service on the defendants occurred on December 22, 1992. On that day, the plaintiff notified Thorn of the action, and Thorn received said notice on December 23, 1992.
On February 17, 1995, well past the thirty day limit allowed by General Statutes § 31-293, Thorn filed a motion to intervene, claiming that it was not notified in accordance with General Statutes § 31-293 "in that said notice via Certified Mail was not delivered to the subscriber after the Summons and Complaint were returned to this Court." Motion to Intervene.
Thorn's attorney argued that the sole basis for filing the motion to intervene is the recent case of Rana v. Ritacco,36 Conn. App. 635, 639 (1995), which held that "[p]roper notice of a pending action must . . . await service of process on the defendant and return of process to the court in order to give to an employer the full benefit of the thirty day period outlined in § 31-293 in which to exercise its rights to intervene." Thorn CT Page 2617 argues that notice was defective because the plaintiff sent the notice after service on the defendant, but before service was returned to court.
This court agrees with the arguments in the defendant's brief that the Rana case does not provide guidance due to the failure to mention service and filing dates. This court also agrees with the defendant that the cases of Sheffield v. Ratchford,8 CSCR 804 (July 9, 1993, Pittman, J.), Reichert v. Sheridan,8 Conn. L. Rptr. 288 (January 25, 1993, Dunn, J.), aff'd, 34 Conn. App. 521
(1994), and Yankus v. Tobin Corp., Superior Court, Judicial District of Waterbury, Docket No. 089282 (September 10, 1991, Langenbach, J.), are clearly more pertinent and applicable to the facts of the present case. The notice to Thorn was proper, and Thorn did not timely file a motion to intervene. Therefore, Thorn's motion to intervene is denied.
ROBERT F. STENGEL JUDGE, SUPERIOR COURT