[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO INTERVENE AND OBJECTION
The plaintiff in this action has filed an objection to a motion to intervene filed by Mauro Motors, the employer of the plaintiff at the time of his injury. Mauro Motors seeks to intervene pursuant to section 31-293 of the Connecticut General Statutes to recoup worker's compensation payments made to the plaintiff. The basis of the plaintiff's objection is that the request to intervene is untimely.
Section 31-293 requires that the employer intervene in the action within thirty days of notification that the employee has brought an action against a third party. In this case, it is undisputed that the employer, Mauro Motors, received notification of the filing of the plaintiff's action by certified mail on November 23, 1993. The plaintiff's action was served on the defendant on November 15, 1993, and filed in court on November 23, 1993, with a return day of December 14, 1993. The Motion to Intervene of Mauro Motors was filed on March 3, 1995.
Given the above scenario, the issue is whether Mauro Motors received proper notice under section 31-293 so as to start the running of the thirty day period within which to intervene. The court is of the opinion that this case is controlled by the holding in Rana v. Ritacco, 36 Conn. App. 635 (1995), and that pursuant thereto notice was not proper so as to preclude Mauro Motors from intervening in this action.
The court in Rana held that an employee must give the requisite notice after the summons and complaint have been served on the defendant and returned to the court so as to give the employer the full benefit of the 30 day period within which to intervene. It is this Court's opinion that the term "returned to court" as that term was used by the Appellate Court in Rana,
refers to the return day on the summons rather than the day that CT Page 3939 the action is physically delivered to the Clerk's Office. Until the return day there is technically no action pending in which a motion to intervene could be filed.
The return day in this action was December 14, 1993. Notice was received by Mauro Motors on November 23, 1993 and this was not proper notice pursuant to the rationale of Rana. The Motion to Intervene is therefore granted and the objection thereto overruled.
THOMPSON, J.