[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON TOWN OF HAMDEN'S MOTION TO INTERVENE
The issue presented by the Town of Hamden's Motion to Intervene and the plaintiff's objection thereto, is whether a provider of Workers Compensation benefits should be permitted to intervene in an employee's negligence action against a third party CT Page 4056 more than thirty days after written notification of the filing of the lawsuit.
BACKGROUND
On December 13, 1994, the plaintiff, Ronald F. Durkin, filed a complaint, with a return date of January 15, 1995, against the defendants, Dorian Sette and Susan Sette, having served the defendants with process on December 8, 1994. The complaint alleges that, due to the negligence of the defendants, the plaintiff was caused to suffer severe and disabling injuries and losses as a result of an automobile accident on December 11, 1992. As alleged in the complaint, on December 11, 1992, at approximately 7:18 a.m., Dorian Sette was operating a motor vehicle owned by Susan Sette in an eastbound direction on Sherman Avenue Ext., Hamden, Connecticut. At the same time and place, the plaintiff, while in the course of his employment as a Hamden police officer, was operating a motor vehicle in a westbound direction on Sherman Ave. Ext., Hamden, Connecticut. Dorian Sette crossed over the double yellow line and collided with the plaintiff's vehicle causing the plaintiff severe and disabling injuries and losses. As of December 13, 1994, the plaintiff had received worker's compensation benefits in the amount of $3,645 for medical expenses and $7,784.55 in lost wages. The plaintiff is seeking damages in law and equity, including special damages.
On December 14, 1994, by certified mail, return receipt requested, the plaintiff notified the Town of Hamden of the pending lawsuit and the court to which the complaint was made returnable. The notice to the Town of Hamden provided:
 Please be advised that suit has been commenced by Ronald Durkin as a result of injuries sustained by him while in the course of his employment on December 11, 1992. The suit has been commenced against the responsible parties, Dorian Sette and Susan Sette. Said suit is returnable to Superior Court, Judicial District of New Haven at New Haven, 235 Church Street, New Haven, CT.
On January 19, 1995, the Town of Hamden filed a motion for permission to intervene and file an intervening complaint. On February 2, 1995, the plaintiff filed an objection to the Town of Hamden's motion to intervene, accompanied by a supporting CT Page 4057 memorandum of law.
DISCUSSION
General Statutes § 31-293(a) states, in pertinent part:
 When any injury for which compensation is payable under the provisions of this chapter has been sustained under circumstances creating in a third person other than the employer a legal liability to pay damages for the injury, the injured employee may claim compensation under the provisions of this chapter, but the payment or award for compensation shall not affect the claim or right of action of the injured employee against the third person, but the injured employee may proceed at law against the third person to recover damages for the injury; and any employer having paid, or having become obligated to pay, compensation under the provisions of this chapter may bring an action against the third person to recover any amount that he has paid or has become obligated to pay as compensation to the injured employee. If either that employee or the employer brings an action against the third person, he shall immediately notify the other, in writing, by personal presentation or by registered or certified mail, of the action and of the name of the court to which the writ is returnable, and the other may join as a party plaintiff in the action within thirty days after such as a party plaintiff, his right of action against the third person shall abate.
"General Statutes § 31-293 grants to an employer who has paid worker's compensation a right to join as a party plaintiff in an action by employees against third party tortfeasors . . . provided that the right is exercised in a timely fashion." (Citations omitted; internal quotation marks omitted.) Durrschmidt v. Loux,230 Conn. 100, 103, 644 A.2d 343 (1994). This statute provides an employer with a vehicle by which he can obtain reimbursement for any worker's compensation benefits paid by him for which a third party may be liable. Quire v. Stamford, 231 Conn. 370, 375, CT Page 4058 ___ A.2d ___ (1994). "The failure of an employer to intervene within thirty days after notification of an action prohibits it from later asserting a right to any recovery that the plaintiff employee may be awarded." Rana v. Ricatto, 36 Conn. App. 635, 638. A.2d (1995); see General Statutes § 31-293.
"Fundamental tenets of due process . . . require that all persons directly concerned in the result of an adjudication be given reasonable notice and the opportunity to present their claims or defenses. . . ." (Citations omitted.) Kron v. Thelen, 178 Conn. 189,193, 423 A.2d 857 (1979). "[U]nder § 31-293, an employee or employer who brings a third party action must simply notify the other of two facts: (1) the fact that the action has been brought; and (2) the name of the court to which the writ in the action is returnable." (Internal quotations marks omitted.) Durrschmidt v.Loux, supra, 230 Conn. 104; see also Winslow v. Lewis-Shepard,Inc., 216 Conn. 533, 538 (1980).
"It is well established in Connecticut that an action has not been brought until service of process has been made upon a defendant . . . and returned to court." (Citations omitted.)Rana v Ricatto, supra, 36 Conn. App. 639. "Until such service has been made and returned to court, no action exists in which an employer may intervene." Id. "Proper notice of a pending action must, therefore, await service of process on the defendant and return of process to the court in order to give an employer the full benefit of the thirty day period outlined in § 31-293 in which to exercise its right to intervene." Id.
In the present action, process was served upon the defendants on December 8, 1994. Process was returned to the Superior Court, Judicial District of New Haven on December 13, 1994.[1] On December 14, 1994, by certified mail, return receipt requested, the plaintiff notified the Town of Hamden of the pending lawsuit and the fact that the action was returnable to the Superior Court, Judicial District of New Haven. On January 19, 1995, the Town of Hamden filed a motion for permission to intervene and file intervening complaint.
The thirty day limitation period provided in General Statutes § 31-293 commenced on December 14, 1995, when the Town of Hamden received the plaintiff's notice of his lawsuit. Since the Town did not file its motion to intervene until January 19, 1995, the thirty day limitation period of § 31-293 bars the intervention of the Town of Hamden. CT Page 4059
Based on the foregoing, the Motion of Town of Hamden For Permission To Intervene And File Intervening Complaint (#101) is denied, and the Plaintiff's Objection To Motion To Intervene (#105) is sustained.
So ordered.
Michael Hartmere, Judge of the Superior Court