[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION (RE: MOTION TO INTERVENE)
The plaintiff in this action claim- damages arising out of a collision with a motor vehicle being operated by the defendant, Shawn Flint.
The plaintiff's employer, Earl Reichle, now seeks to intervene as a co-plaintiff to protect his obligation to the plaintiff pursuant to the Workers Compensation Act.
The plaintiff has filed an objection to the Motion to Intervene on the grounds it was not timely filed. The Court agrees and sustains the plaintiff's objection.
The action was commenced by complaint dated November 19, 1993. Abode service was made on the defendant on November 19, 1993.
The action was returnable on December 14, 1993, but was in fact returned to court on November 23, 1993.
On November 24, 1993, the plaintiff, pursuant to General Statutes § 31-293[1], sent notice to Earl Reichle advising of the suit, and the Court where it was brought. While the notice erroneously stated the suit was filed on November 22, 1993, the matter had in fact, been returned prior to the date of notice. The receipt for certified mail shows the notice was received by Reichle on November 26, 1993.
This case is thus distinguished from Rana v. Ritacco,36 Conn. App. 635 (1995), relied on by the movant. In that case notice was sent before the case was returned to Court whereas in the present case, the action was filed and in existence when the notice was sent. Reichle was given notice in accordance with § 31-293. His Motion to Intervene was filed on January 31, 1995. It is untimely and must be denied.
With respect to the movant's claim that prior discussions and negotiations between his insurance carrier and the plaintiff's attorney led to an agreement that counsel would protect the comp carriers lien, any such understanding was not diluted when the plaintiff complied with the statutory notice requirements.
For the purposes of § 31-293, notice to an employer's CT Page 4198 insurance carrier does not constitute notice to the employer.Misiurka v. Maple Hill Farms, Inc., 15 Conn. App. 381, 384 (1988).
In this case the plaintiff complied with the law. He is not required to do more.
The Motion to Intervene is denied.
Klaczak, J.