[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM ON OBJECTION TO MOTION TO INTERVENE #112
The plaintiff, Nicholas Matarazzo, filed a complaint against defendant, Glenn Ford, on January 13, 1994. Pursuant to General Statutes § 31-293(a), the plaintiff notified his employer, Brittania Spoon Company, of the claim against Ford by a certified letter dated June 8, 1995. The return receipt indicates that the Brittania Spoon Company received this letter on June 13, 1995.
On September 5, 1995, Brittania Spoon filed a motion to intervene as a party plaintiff pursuant to General Statutes § 31-293(a). On September 14, 1995, the defendant filed an objection to Brittania Spoon's motion to intervene on the ground that the motion was filed beyond the thirty day period required by General Statutes § 31-293(a).
DISCUSSION
General Statutes § 31-293(a) provides that:
 ". . . any employer having paid, or having become obligated to pay compensation under the provisions of this chapter may bring an action against the third person to recover any amount that he has paid or has become obligated to pay as compensation to the injured employee. If . . . the employee . . . brings an action against the third person, he shall immediately notify the [employer] . . . by registered or certified mail . . . and the [employer] may join as a party plaintiff in the action within thirty days after such notification, and, if the [employer] fails to join as a party plaintiff, his right of action against the third person shall abate."
The Supreme Court has strictly construed the thirty day requirement of General Statutes § 31-293(a). Winslow v. LewisShepard, Inc., 216 Conn. 533 (1990). The Court held that where an employer "admittedly failed to intervene in the third party action within thirty days of its receipt of [the employee's] letter and the copy of his complaint . . . [the employer's] right CT Page 11436 of action against the third parties abated, and it consequently lost any right it may have had in [employee's] third party recovery. General Statutes § 31-293." (Citations omitted; internal quotation marks omitted.) Id. 540-41. See alsoDurrschmidt v. Loux, 230 Conn. 100, 105 (1994).
Brittania Spoon received notice by certified mail on June 13, 1995 and did not file a motion to intervene until September 5, 1995, more than seventy days later. Because Brittania Spoon failed to comply with General Statutes § 31-293(a) as it has been construed, the court sustains the defendant's objection to the motion to intervene.