[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, Linda McDonald (McDonald), commenced this action on August 18, 1995, by service of a summons and complaint on the defendant, Robert Barako (Barako), for injuries arising out of an automobile accident between the two on June 7, 1994. McDonald's one count complaint sounds in negligence. On September 14, 1995, Barako filed an answer and special defense alleging comparative negligence by McDonald, which allegations McDonald denies.
On October 23, 1995, Cummings Lockwood (CL), McDonald's employer, filed a motion to intervene in the action as a co-plaintiff pursuant to General Statutes § 31-293(a), since it has made workers' compensation payments to McDonald for which it is entitled to reimbursement. In its motion, CL alleged that it had not received the statutorily required notice of this suit as required by § 31-293(a), but that it was moving to intervene "within 30 days of its knowledge of said action."[1] (CL's Memorandum, ¶ 3.)
On November 24, 1995, McDonald filed an objection to CL's motion to intervene on the grounds that it was untimely. In her memorandum, McDonald stated that by letter dated August 16, 1995, sent certified mail, return receipt requested, her counsel notified CL that she was about to commence this action. Attached to McDonald's memorandum of law are copies of the letter and the return receipt indicating that the letter was delivered to CL on August 17, 1995.
CL filed a memorandum in response to McDonald's objection in which it asserted that the letter sent by McDonald's attorney did not satisfy the requirements of § 31-293(a), because it was sent prior to the actual filing of the complaint with the court, and prior to the summons and complaint being served on the defendant. CL argues that the Appellate Court's decision in Ranav. Ritacco, 36 Conn. App. 635, 652 A.2d 1040 (1995), requires that notice pursuant to § 31-293(a) be given to the plaintiff's employer after the summons and complaint have been served, and after the action has been filed with the court "so as to give the employer the full benefit of the 30-day period within which to intervene." (CL's Memorandum, p. 2, citing Rana v.Ritacco, supra, 36 Conn. App. 637-38.)
On November 30, 1995, the court, Leheny, J., granted CL's CT Page 4255-QQ motion to intervene. However, even though McDonald's objection had been filed with the clerk's office on November 24, 1995, the objection was not in the file when the court ruled on the motion. Upon discovering that an objection had been filed, the court, on March 13, 1996, vacated its order and set the matter down for a hearing to determine the timeliness of CL's proposed intervention.
On March 23, 1996, McDonald filed a supplemental objection to CL's motion to intervene, in which she observed that the Appellate Court's decision in Rana v. Ritacco, relied upon by CL, was reversed by the Supreme Court on March 19, 1996. Thus, she argues, CL's argument that the notice was defective under the Appellate Court's holding in Rana
is no longer legally sound following the Supreme Court's decision in that case.
On April 8, 1996, counsel appeared before the court to argue the motion to intervene. Counsel for CL argued that the Supreme Court's decision in Rana should not be applied retroactively to render the notice in the instant case legally sufficient. CL argues that the court should follow the Appellate Court's decision in Rana since that was the law at the time of the allegedly defective notice.
General Statutes § 31-293(a) provides, in pertinent part: "If either the employee or the employer brings an action against the third person, he shall immediately notify the other, in writing, by personal presentation or by registered or certified mail, of the action and of the name of the court to which the writ is returnable . . . and, if the other fails to join as a party plaintiff, his right of action against the third person shall abate." General Statutes § 31-293(a).
It is undisputed that the notice given to CL of the present action was by letter dated August 16, 1995, sent by certified mail, return receipt requested, attached to which was a copy of the complaint in this action. The letter states in full:
 Pursuant to Connecticut General Statutes § 31-293(a), this correspondence shall constitute formal notice that my client, Linda McDonald, is instituting an action against Robert Barako in connection with injuries she sustained in a collision on or about June 7, 1994 while operating her motor vehicle in connection with her employment with Cummings 
Lockwood. Enclosed please find a courtesy copy of the Writ, Summons and Complaint regarding the action Linda McDonald v. Robert Barako, returnable to the Judicial CT Page 4255-RR District of Danbury at Danbury, the original of which has been delivered to a sheriff for service.
(Plaintiff's Memorandum in Opposition, Exhibit A.) If the court finds that the above notice was adequate for purposes of § 31-293, CL's motion to intervene is untimely, and CL's right of action against Barako "shall abate." General Statutes § 31-293(a).
CL's argument that the Supreme Court's decision in Rana
should not apply retroactively is without merit. While it is true that under the Appellate Court's decision in Rana, the notice provided to CL would have been deficient, the fact is that the Supreme Court's decision is now the law of this state and, accordingly, controls this case. In Rana v. Ritacco, 236 Conn. 330, (1996), the plaintiff initiated a third party action against the alleged tortfeasor by delivering a copy of her complaint along with a summons to the sheriff on December 20, 1990. Id., 333. On the same day, the plaintiff mailed a letter by certified mail to her employer advising him that she was commencing the action and including a copy of the complaint. Id. 333-34. Since § 31-293(a) requires an employee to notify his employer when she "brings an action against . . . [a] third person," the Appellate Court held that the action is not "brought" until the defendant has been served and service returned to the court. Rana v. Ritacco, supra, 36 Conn. App. 639. Accordingly, the Appellate Court found that the plaintiff had not complied with the notice requirement of § 31-293(a) and held that the employer could intervene at any time. Id., 639-40. The Supreme Court reversed, holding that the notice given by the plaintiff was sufficient under § 31-293(a).
Although CL argues that the Appellate Court's decision in Rana
should control, that position is without support in the law. "Procedural decisions involving jurisdiction, such as standing to appeal, are generally held to be retroactive and to apply to pending cases." Timber TrailsCorporation v. Planning Zoning Commission, 222 Conn. 380, 394,610 A.2d 620 (1992). While this case does not involve standing to appeal, it does involve a procedural matter that affects a party's right to intervene in a pending case. Accordingly, the Supreme Court's holding in Rana applies to the instant case. Since the notice given in this case is nearly identical to the notice in Rana, and the court there held the notice to be sufficient, the notice given by McDonald in this case is likewise sufficient. CL's motion to intervene not having been made within thirty days of its notice of the action, is untimely, and CL's right of action against Barako has, pursuant to § 31-293(a), abated. CT Page 4255-SS
At the April 8, 1996 hearing, counsel agreed to have the court take CL's motion to strike, filed March 4, 1996, on the papers. The court does not address the motion to strike, since it is filed by CL, which has been determined not to be a proper party in this action due to its untimely attempt to intervene. Additionally, the motion seeks to strike a special defense contained in Barako's answer to CL's intervening complaint, and the court has determined that CL may not file an intervening complaint.
Accordingly, the motion to strike is moot and need not be ruled upon by the court.