### BARBARA L. RANA *v.* FRANK RITACCO
### (15214)

Peters, C. J., and Borden, Norcott, Katz and Palmer, Js.

---

Argued January 11—decision released March 19, 1996

*Dennis A. Ferdon,* with whom were *Christopher P. Anderson* and, on the brief, *Kerin M. Woods,* for the appellant (plaintiff).

*James L. Sullivan,* for the appellee (Whittaker Corporation).

*Steven D. Ecker* and *Joram Hirsch* filed a brief for the Connecticut Trial Lawyers Association as amicus curiae.

KATZ, J. The dispositive issue in this certified appeal is whether the plaintiff's notice to her employer, Whitta-

ker Corporation (Whittaker), of a third party action complied with General Statutes § 31-293 (a).[1] We conclude that the notice fulfilled the requirements of § 31-293 (a), and that therefore Whittaker's failure to inter-

[1] General Statutes § 31-293 provides in relevant part: "Liability of third persons to employer and employee. . . . (a) When any injury for which compensation is payable under the provisions of this chapter has been sustained under circumstances creating in a third person other than the employer a legal liability to pay damages for the injury, the injured employee may claim compensation under the provisions of this chapter, but the payment or award of compensation shall not affect the claim or right of action of the injured employee against the third person, but the injured employee may proceed at law against the third person to recover damages for the injury; and any employer having paid, or having become obligated to pay, compensation under the provisions of this chapter may bring an action against the third person to recover any amount that he has paid or has become obligated to pay as compensation to the injured employee. *If either the employee or the employer brings an action against the third person, he shall immediately notify the other, in writing, by personal presentation or by registered or certified mail, of the action and of the name of the court to which the writ is returnable, and the other may join as a party plaintiff in the action within thirty days after such notification, and, if the other fails to join as a party plaintiff, his right of action against the third person shall abate.* In any case in which an employee brings an action against a third party in accordance with the provisions of this section, and the employer is a party defendant in the action, the employer may join as a party plaintiff in the action. The bringing of any action against an employer shall not constitute notice to the employer within the meaning of this section. If the employer and the employee join as parties plaintiff in the action and any damages are recovered, the damages shall be so apportioned that the claim of the employer, as defined in this section, shall take precedence over that of the injured employee in the proceeds of the recovery, after the deduction of reasonable and necessary expenditures, including attorneys' fees, incurred by the employee in effecting the recovery. . . ." (Emphasis added.)

We note that on July 1, 1993, § 31-293 (a) was amended with the addition of, inter alia, the following sentence: "Notwithstanding the provisions of this subsection, when any injury for which compensation is payable under the provisions of this chapter has been sustained under circumstances creating in a third person other than the employer a legal liability to pay damages for the injury and the injured employee has received compensation for the injury from his employer or its workers' compensation insurance carrier pursuant to the provisions of this chapter, the employer or insurance carrier shall have a lien upon any judgment received by the employee against the

vene timely in the action caused its right of action against the third party tortfeasor to abate.

The material facts are not disputed. On January 23, 1989, while acting in the course of her employment as director of procurements with Whittaker, the plaintiff, Barbara L. Rana, sustained various injuries when she slipped and fell while walking down a hallway leading into her office. As a result of those injuries, she properly received workers' compensation benefits from Whittaker. See General Statutes § 31-275 et seq.

Thereafter, the plaintiff initiated a third party action against the defendant, Frank Ritacco, owner of Ocean State Cleaning, who had contracted with Whittaker for maintenance services. The plaintiff's complaint alleged that the defendant had been negligent in allowing a slippery wax to remain on the floor and in failing to warn the plaintiff of the dangerous condition. On December 20, 1990, the writ, summons and complaint were given to a sheriff, who served them on the defendant on December 27, 1990. Although the return date on the writ was January 22, 1991, it was actually returned to the Superior Court in the judicial district of New London at Norwich on January 4, 1991, and was assigned a docket number on January 7, 1991.

In order to notify Whittaker of the third party action pursuant to § 31-293 (a), the plaintiff mailed to it a certified letter dated December 20, 1990, along with a

third party or any settlement received by the employee from the third party, provided the employer or insurance carrier shall give written notice of the lien to the third party prior to such judgment or settlement." Public Acts 1993, No. 93-228, § 7.

"We look to the statute in effect at the date of injury to determine the rights and obligations between the parties. See *Civardi* v. *Norwich*, 231 Conn. 287, 293 n.8, 649 A.2d 523 (1994); *Iacomacci* v. *Trumbull*, 209 Conn. 219, 222, 550 A.2d 640 (1988)." *Dos Santos* v. *F. D. Rich Construction Co.*, 233 Conn. 14, 15–16 n.1, 658 A.2d 83 (1995). Because the plaintiff's injury occurred in 1989, the amendment to § 31-293 (a) does not apply.

copy of the writ, summons and complaint.[2] This notice was acknowledged by Whittaker as having been received on January 7, 1991. Approximately two and one-half years later, on June 18, 1993, Whittaker moved to intervene as a third party plaintiff. The plaintiff objected, asserting that, because the motion had not been filed within thirty days of receipt of the notice as required under § 31-293 (a), it was untimely. The trial court, *Hendel, J.*, agreed with the plaintiff and denied Whittaker's motion. Whittaker appealed from the decision of the trial court to the Appellate Court, which reversed the trial court's decision and remanded the case with direction to allow Whittaker to intervene. *Rana* v. *Ritacco*, 36 Conn. App. 635, 637–38, 652 A.2d 1040 (1995).

The Appellate Court reasoned that although § 31-293 (a) requires a party to intervene within thirty days of receipt of notice of the third party action, such time limit applies only where notice was properly given. Id., 638. In this case, the Appellate Court concluded that notice was improper and, therefore, that Whittaker could intervene at any time. Id., 640. The Appellate Court reasoned that proper notice requires the satisfaction of two elements. First, the potential intervenor must be notified that a third party action has been brought. Id., 639. In the Appellate Court's view, an action is brought only when "service of process has been made upon a defendant . . . and returned to court." Id. Second, a potential intervenor must be notified of the court to which the writ in the action is returnable. Id. The Appellate Court implicitly reasoned that because the

---

[2] The notification letter provides: "In accordance with Section 31-293 of the Connecticut General Statutes, this will inform you that suit has been commenced on behalf of Barbara Rana in the above-noted matter.

"Enclosed please find copy of Writ, Summons and Complaint which has this day been forwarded to our sheriff for service on the named defendant. You will note that this action is being brought in the New London Judicial District at Norwich and has a return date of January 22, 1991."

plaintiff had failed to comply with the first prong in that she had notified Whittaker of the third party action prior to the date that the writ was returned to court, notice was not proper and Whittaker could intervene at any time. Id., 639–40.

Following the Appellate Court's decision to allow Whittaker to intervene, the plaintiff petitioned this court for certification to appeal, which we granted.[3] We now reverse the judgment of the Appellate Court.

" 'General Statutes § 31-293 grants to an employer who has paid workers' compensation a right to join as a party plaintiff in actions by employees against third party tortfeasors; *Robinson* v. *Faulkner*, 163 Conn. 365, 377, 306 A.2d 857 (1972); provided that the right is exercised in a timely fashion. *Olszewski* v. *State Employees' Retirement Commission*, 144 Conn. 322, 325, 130 A.2d 801 (1957).' *Ricard* v. *Stanadyne, Inc.*, [181 Conn. 321, 323, 435 A.2d 352 (1980)]." *Winslow* v. *Lewis-Shepard, Inc.*, 216 Conn. 533, 537, 582 A.2d 1174 (1990); accord *Durrschmidt* v. *Loux*, 230 Conn. 100, 103, 644 A.2d 343 (1994). By authorizing "an employer to obtain reimbursement for workers' compensation benefits from a third party tortfeasor . . . [§ 31-293] implements the public policies of preventing double recovery by an injured employee; *Durniak* v. *August Winter & Sons, Inc.*, 222 Conn. 775, 779–80, 610 A.2d 1277 (1992); and thereby containing the cost of workers' compensation insurance." *Quire* v. *Stamford*, 231 Conn. 370, 375, 650 A.2d 535 (1994).

"[U]nder § 31-293, an employee or employer who brings a third party action must simply notify the other of two facts: (1) the fact that the action has been

___

[3] We granted the plaintiff's petition for certification to appeal, limited to the following issue: "In the circumstances of this case, did the plaintiff's notice to her employer comply with the requirements of General Statutes § 31-293?" *Rana* v. *Ritacco*, 232 Conn. 918, 655 A.2d 261 (1995).

brought; and (2) the name of the court to which the writ in the action is returnable. The plain terms of the statute require no more." *Winslow* v. *Lewis-Shepard, Inc.*, supra, 216 Conn. 538; *Durrschmidt* v. *Loux*, supra, 230 Conn. 104.

Once a potential intervenor has been properly notified, he has thirty days within which to intervene. General Statutes § 31-293 (a). "[I]f an employer or employee who is properly notified of a third party action fails to intervene in the action as a party plaintiff within thirty days from notification, 'his right of action against such third person shall abate.' "[4] *Skitromo* v. *Meriden Yellow Cab Co.*, 204 Conn. 485, 489, 528 A.2d 826 (1987); see General Statutes § 31-293 (a). On the other hand, "[a]n employer who does not receive notice from an employee concerning the institution of a third party action in accordance with § 31-293 '[cannot] be barred from intervening by the passage of the time which this statute prescribes, because, until notice is given, the time does not begin to run.' *Lakewood Metal Products, Inc.* v. *Capital Machine & Switch Co.*, 154 Conn. 708, 710, 226 A.2d 392 (1967)." *Winslow* v. *Lewis-Shepard, Inc.*, supra, 216 Conn. 537; *Durrschmidt* v. *Loux*, supra, 230 Conn. 103. In this case, we conclude that the plaintiff properly notified Whittaker of the third party action. Therefore, because Whittaker failed to intervene within thirty days of the date it received notice, its right of action against the defendant has abated.

Whittaker claims that the notice it received did not comply with the requirements of § 31-293 (a) because

---

[4] Where a cause of action has been created by statute, strict compliance with the prescribed procedure is essential. See *Main* v. *North Stonington*, 127 Conn. 711, 712, 16 A.2d 356 (1940). "The general rule is that where a statute gives a right of action which did not exist at common law, and fixes the time within which the right must be enforced, the time fixed is a limitation or condition attached to the right—it is a limitation of the liability itself as created, and not of the remedy alone." *DeMartino* v. *Siemon*, 90 Conn. 527, 528–29, 97 A. 765 (1916).

the notice did not properly inform the company of "the fact that the action has been brought" by the plaintiff.[5] *Winslow* v. *Lewis-Shepard, Inc.*, supra, 216 Conn. 538. Relying on the Appellate Court's interpretation of the law, Whittaker argues that on the day it received notice, the action had not been brought because the writ had not yet been returned to the Superior Court. We disagree with the Appellate Court's statement of the law and, consequently, we disagree with Whittaker's position.

As we stated above, an employee or employer bringing a third party action must notify the other (1) that a third party action has been brought, and (2) of the name of the court to which the writ is returnable. This court has long held that an action is brought once the writ, summons and complaint have been served upon a defendant. See General Statutes § 52-45a;[6] Practice Book § 49;[7] *Hillman* v. *Greenwich*, 217 Conn. 520, 527, 587 A.2d 99 (1991) ("an action is commenced on the

---

[5] Whittaker does not dispute that it was properly notified of "the name of the court to which the writ is returnable." General Statutes § 31-293 (a); see *Winslow* v. *Lewis-Shepard, Inc.*, supra, 216 Conn. 538.

[6] General Statutes § 52-45a provides: "Commencement of civil actions. Contents and signature of process. Civil actions shall be commenced by legal process consisting of a writ of summons or attachment, describing the parties, the court to which it is returnable, the return day and the date and place for the filing of an appearance. The writ shall be accompanied by the plaintiff's complaint. The writ may run into any judicial district and shall be signed by a commissioner of the superior court or a judge or clerk of the court to which it is returnable."

We have held that there is no distinction between "commencing" and "bringing" an action. *Lacasse* v. *Burns*, 214 Conn. 464, 475–76, 572 A.2d 357 (1990).

[7] Practice Book § 49 provides in relevant part: "Mesne process in civil actions shall be a writ of summons or attachment, describing the parties, the court to which it is returnable and the time and place of appearance, and shall be accompanied by the plaintiff's complaint. Such writ may run into any judicial district or geographical area and shall be signed by a commissioner of the superior court or a judge or clerk of the court to which it is returnable. . . ."

date of service of the writ upon the defendant" [internal quotation marks omitted]); *Lacasse* v. *Burns*, 214 Conn. 464, 475, 572 A.2d 357 (1990) ("an action is not 'commenced' until process is actually served upon the defendant"); *McGaffin* v. *Roberts*, 193 Conn. 393, 401–402 n.9, 479 A.2d 176 (1984), cert. denied, 470 U.S. 1050, 105 S. Ct. 1747, 84 L. Ed. 2d 813 (1985); *Valley Cable Vision, Inc.* v. *Public Utilities Commission*, 175 Conn. 30, 33–34, 392 A.2d 485 (1978); *Broderick* v. *Jackman*, 167 Conn. 96, 99, 355 A.2d 234 (1974) ("an action is commenced not when the writ is returned but when it is served upon the defendant"); *Seaboard Burner Corp.* v. *DeLong*, 145 Conn. 300, 303, 141 A.2d 642 (1958); *Consolidated Motor Lines, Inc.* v. *M & M Transportation Co.*, 128 Conn. 107, 109, 20 A.2d 621 (1941); *Spalding* v. *Butts*, 6 Conn. 28, 30 (1825).

The Appellate Court, however, strayed from this established rule and concluded that an action is not brought until a defendant has been served *and* such service has been returned to court.[8] *Broderick* v. *Jackman*, supra, 167 Conn. 99. Otherwise, the court reasoned, there would be no existing action in which an employer could intervene. The Appellate Court relied on *Rogozinski* v. *American Food Service Equipment Corp.*, 211 Conn. 431, 433, 559 A.2d 1110 (1989), to add this second requirement. In *Rogozinski*, we concluded that the trial court had properly dismissed the plaintiffs' action for failure to file the return of process with the court at least six days prior to the return date. Id., 435. *Rogozinski* interpreted General Statutes § 52-46a, which provides that process must be returned to the

---

[8] We note that the Appellate Court mistakenly applied its own rule because even under its view of the requirements for an action to be brought, the plaintiff satisfactorily notified Whittaker that an action had been brought. The plaintiff caused process to be served on the defendant on December 27, 1990, which was returned on January 4, 1991. Notice to Whittaker was given on January 7, 1991. Therefore, the plaintiff brought the action according to the Appellate Court's own rule before she notified Whittaker.

Superior Court at least six days before the return day.[9] Id., 433. There is no indication that compliance with § 52-46a is a prerequisite in order for an action to be considered "brought." Rather, once an action has been brought by service of process on the defendant, a trial court may thereafter dismiss the action for failure to return the service of process within the mandated time period.[10]

The Appellate Court reasoned that a potential intervenor could be prejudiced by a holding that an action is brought once service of process had been made. "To hold that an employee may give notice of an action before service has been made on a defendant and returned to court would allow a plaintiff to thwart the purposes of § 31-293. In civil actions, a return day may be set up to two months after the date of process. General Statutes § 52-48 (b).[11] Such process need not be served on the defendant until twelve days prior to the return day and need not be returned to the court until six days prior to the return day. General Statutes §§ 52-46[12] and 52-46a.[13] If a plaintiff were allowed to send § 31-293 notice on the date that the complaint is

---

[9] General Statutes § 52-46a provides: "Return of process. Process in civil actions returnable to the supreme court shall be returned to its clerk at least twenty days before the return day and, if returnable to the superior court, except process in summary process actions and petitions for paternity and support, to the clerk of such court at least six days before the return day."

[10] We note that § 52-46a was complied with in this case because the complaint was returned to the court on January 4, 1991, which was well before the required six days prior to the stated return date of January 22, 1991.

[11] General Statutes § 52-48 provides in relevant part: "Return day of process. . . .

"(b) All process shall be made returnable not later than two months after the date of the process and shall designate the place where court is to be held."

[12] General Statutes § 52-46 provides: "Time for service. Civil process, if returnable to the supreme court, shall be served at least thirty days, inclusive, before the day of the sitting of the court, and, if returnable to the superior court, at least twelve days, inclusive, before such day."

[13] See footnote 9.

issued, the thirty day period provided in the statute could run before there was any action in existence in which the employer could intervene." *Rana* v. *Ritacco*, supra, 36 Conn. App. 639–40.

Although we recognize the Appellate Court's legitimate concerns, we refrain from imposing the additional requirement that service must be returned to court before an action is considered "brought." Rather, we adopt the suggestion proffered by the amicus curiae in its brief to this court to permit late intervention by a potential intervenor who can make a showing of actual prejudice arising out of the receipt of notice prior to the return of service to the court. A party who brings a third party action and properly notifies his or her employer of such action pursuant to § 31-293 (a) ordinarily will be permitted to pursue this action without the intervention of the employer if the employer fails to comply with the thirty day limit for intervening. If, however, the employee purposefully manipulates the time periods provided in §§ 31-293, 52-46a and 52-48 (b) in order to create a situation in which an employer cannot intervene within thirty days because the action is returned to court after the expiration of the thirty days, the employee will not be permitted to claim that the employer's right to intervene has abated. Provided that the employee has furnished proper notice in accordance with § 31-293 (a), it is the employer's responsibility to inquire whether an action has been returned to court and has been assigned a docket number so that it can intervene. In our view, this construction of the requirements of § 31-293 (a) adequately furthers the goal of the statute, namely, to "[protect] an employer by allowing the employer to obtain reimbursement for workers' compensation benefits from a third party tortfeasor . . . by becoming an intervening plaintiff in the employee's cause of action." *Durniak* v. *August Winter & Sons, Inc.*, supra, 222 Conn. 779.

Whittaker additionally argues that the notice it received was defective because it was internally inconsistent in that it alternatively stated that an action had been commenced and that it was being commenced concurrently with the issuance of notice.[14] We attach no significance to this inconsistency in the absence of some evidence of actual prejudice. We recognize that the operation of § 31-293 (a) in practice is such that all paperwork is completed together, thus resulting in notice often being mailed on the same day that the summons is given to a sheriff to be served. By the time the potential intervenor receives the notice, the defendant has likely been served, as in the present case, and the potential intervenor will need to take no more action than if service had actually been completed prior to notice being sent. In either case, the intervenor will need only to contact the court at some point before thirty days expire to learn whether the writ has been returned and a docket number has been assigned to the action.

Furthermore, the language of § 31-293 (a) does not indicate that service must have been completed before notice can be sent. Rather, the statute indicates that a plaintiff must "immediately notify the [employer], in writing . . . of the action and of the name of the court to which the writ is returnable . . . ." That is precisely what the plaintiff did in this case. She notified Whittaker immediately of the action against the defendant and the name of the court to which the writ would be returned. In the absence of any resulting prejudice to Whittaker, it had thirty days to intervene. Failing to do so, its right of action against the defendant abated.

The judgment of the Appellate Court is reversed and the case is remanded to that court with direction to

---

[14] See footnote 2.

affirm the trial court's decision denying the motion to intervene.

In this opinion the other justices concurred.