[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE INTERVENING PLAINTIFF'S MOTION TO INTERVENE
The plaintiff, while acting in the course of her employment by Home Healthcare Services Corporation, alleges that she slipped and fell on February 23, 1994, on the property of the Evergreen Woods Health Center in North Branford, Connecticut. She claims damages based on the alleged negligence of the defendants.
The plaintiff's complaint, which bears a March 5, 1996 return date, was filed in this court on February 5, 1996. The parties agree that by certified letter dated February 2, 1996, the plaintiff gave notice to her employer, Home Healthcare Services Corporation, that a lawsuit was being filed against the defendants. The notice was sent by certified mail and received by Home Healthcare on February 3, 1996. In a motion dated March 26, 1996, Home Healthcare and Gallagher Bassett Services, Inc., a third party administrator engaged in the business of administering workers' compensation claims for Home Healthcare, which was self-insured, moved to intervene.
The plaintiff and the defendants join in objecting to the motion to intervene on the basis that it was filed after the thirty-day time limit set forth in General Statutes § 31-293
(a), which provides:
 any employer having paid, or having become obligated to pay, compensation, under the provisions of this chapter, may bring an action against the third person to recover any amount that he has paid or has become obligated to pay as compensation to the injured employee. If. . . such employee. . . brings such an action against such third person, he shall notify the [employer], in writing by personal presentation or by registered or certified mail, of such fact CT Page 4225-A and of the name of the court to which the writ is returnable, and [the employer] may join as a party plaintiff in such action within thirty days after such notification, and, if [the employer] fails to join as a party plaintiff, his right of action against such third person shall abate.
Because the proposed intervening plaintiffs did not file their motion to intervene until more than thirty days had passed from the date of their receipt of notice under the terms of the statute, Home Healthcare and Gallagher Bassett have lost their right to intervene. Johndrow v. State, 24 Conn. App. 719, 720-22
(1991); Rana v. Ritacco, 236 Conn. 330, 336 (1996). The plaintiff and defendants also point out that as there is no allegation that Gallagher Bassett was the plaintiff's employer, it would have no right to intervene even if its motion had been timely filed.
The would be intervenors' response is that their attorney has been involved in the plaintiff's concurrent worker's compensation case since September of 1995 and that counsel for the plaintiff was aware of the would be intervenors' interest in the possibility of third-party litigation since at least October 17, 1995, at which time the would be intervenors' counsel had faxed a letter to plaintiff's counsel asserting "a lien against the proceeds of your client's third-party liability case."
From the standpoint of professional courtesy, the would be intervenors' counsel is understandably miffed that at no time did the plaintiffs provide him with written notice of their intention to bring a third-party liability action. Clearly, however, such notice alone would not have complied with the statute. The right to intervene in such cases is statutory, and when the plaintiff has complied with the statute, and the party seeking to intervene has failed to file the appropriate motion within the statutory time period, that party's intervention is precluded.
The would be intervenors next argue that the plaintiff's notice to Home Healthcare, mailed February 2, 1996 and received on February 3, 1996, should be deemed ineffective because the thirty-day time period required by General Statutes § 31-293(a) ran prior to the return date. They therefore claim prejudice because their right to intervene expired prior to the lawsuit's return date. This argument is without merit. As was held in Rana v. Ritacco, 236 Conn. 330 (1996), the effectiveness of notice depends not on the return date, but rather on the day that the action was commenced, which has been defined as the date CT Page 4225-B of service of the writ upon the defendant. Hillman v. Greenwich,217 Conn. 520, 527 (1991). In this case, a review of the file reveals that service was made on the defendants on January 31 and on February 1, 1996, the day before the § 31-293(a) notice was sent. The plaintiff's notice was timely and effective.
The purported intervenors further claim that even if denied direct intervention pursuant to General Statutes § 31-293(a), they should be permitted to intervene to protect their statutory lien. They cite no authority for this proposition, and it is apparent that whatever remedies may be available to them to protect their lien, intervention in the plaintiff's lawsuit is no longer one of them. This also disposes of their final claim, which is that Gallagher Bassett, while not the employer, is in the place of an insurance carrier and therefore also has a statutory lien. This fact, however, does not permit intervention in this case.
Although one would like to think that when an attorney representing the employer's interest and an attorney representing the plaintiff's interests have been involved in the resolution of a worker's compensation case, professional courtesy would result in notification to the former by the latter of the bringing of a third-party complaint, there is nothing in the statutes or the Code of Professional Conduct that requires it. Caveat jurisconsultus.
The motion to intervene is denied.