[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTIONS TO DISMISS (NOS. 111 and 113)
On November 13, 1995, the plaintiffs, Renz Construction Corporation, Ronald R. Renz and Frank Bachman, filed this action appealing the denial of a blasting permit by the defendant, Nicholas A. Cioffi, the Commissioner of Public Safety, on October 2, 1995. Attached to the complaint was the sheriff's return of service indicating that service was made upon the defendant's agent on November 2, 1995.
The Town of Monroe, Timothy Ryan, Zoning Enforcement Officer of the Town of Monroe, and Anthony Carpenter, Fire Marshal of the Town of Monroe moved to intervene as party defendants. On May 8, 1996, the court, Hauser, J., granted the motion to intervene.
On April 9, 1996, Cioffi filed a motion to dismiss (#111) the plaintiffs' appeal and a memorandum of law in support of the motion. On May 15, 1996, the Town of Monroe, Timothy Ryan and Anthony Carpenter filed a motion to dismiss (#113) the plaintiffs' appeal and a memorandum of law in support of the motion. The plaintiffs objected to the motions to dismiss and filed a memorandum of law in opposition thereto on May 14, 1996. CT Page 5163-I
"A motion to dismiss is the appropriate vehicle for challenging the jurisdiction of the court. Practice Book § 142." Zizka v. Water Pollution Control Authority, 195 Conn. 682,687, 490 A.2d 509 (1985). "Appeals to courts from administrative agencies exist only under statutory authority. . . . A statutory right to appeal may be taken advantage of only by strict compliance with the statutory provisions by which it is created. . . . Such provisions are mandatory, and, if not complied with, the appeal is subject to dismissal. . . . Dismissal is required in such a situation because, if the appellant lacks standing to appeal the case, the court lacks jurisdiction to hear the appeal. A jurisdictional defect may be brought to the attention of the court at any time, and, if the court lacks jurisdiction, it must dismiss the case either on the motion of a party or on its own motion." Office of ConsumerCounsel v. Dept. of Public Utility Control, 234 Conn. 624, 640,662 A.2d 1251 (1995).
The defendants argue that this court lacks subject matter jurisdiction because the plaintiffs failed to commence this appeal in timely fashion pursuant to General Statutes § 29-355. The plaintiffs do not contend that the appeal was timely commenced, but rather they argue that their action is saved by General Statutes § 52-593a.
General Statutes § 29-349 requires a person to obtain a license and a permit before using any explosive. General Statutes § 29-355 provides in pertinent part that "[i]f any person considers himself aggrieved by the doings of the commissioner of public safety or the fire marshal under section 29-349. . ., he may apply, within thirty days, to the superior court, which may grant appropriate relief. . . ."
Additionally, "an action is brought once the writ, summons and complaint have been served upon a defendant." Rana v.Ritacco, 236 Conn. 330, 337, 672 A.2d 946 (1996).
The plaintiffs claim in their complaint that Kirschner denied the blasting permit on October 2, 1995. The sheriff's return states that service was made upon the defendant's agent on November 2, 1995. The court finds that the action was commenced thirty-one days after the denial of the permit. Accordingly, the plaintiffs failed to apply to the court within thirty days as required by § 29-355. CT Page 5163-J
The plaintiffs contend that their action is saved by General Statutes § 52-593a. Section 52-593a(a) saves a cause of action that is not timely commenced "if the process to be served is personally delivered to the office of any sheriff within the time limited by law, and the process is served, as provided by law, within fifteen days of the delivery." Subsection (b) of § 52-593a requires that "[i]n any such case the officer making service shall endorse under oath on his return the date of delivery of the process to him for service in accordance with this section."
"In order to invoke [§ 52-593a], the officer's return must contain his endorsement of the date upon which process was delivered to him for service." Kelly-Kroen v. Dock StreetAssociates, Superior Court, judicial district of Stamford-Norwalk at Norwalk, Docket No. 128559 (July 21, 1993, Lewis, J.). "[S]ubsection (a) [of § 52-593a] cannot be read alone and is ineffective if subsection (b) is not complied with." Ashton v. Ashton, Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. 141527 (October 27, 1995, Nigro, J.).
Here, the sheriff's return does not contain an endorsement of the date upon which service was received. The plaintiffs cannot invoke § 52-593a to save their cause of action.
The plaintiffs having failed to commence this action within the time required by the statute that creates it, the defendants' motion to dismiss is granted.
JOHN W. MORAN, JUDGE.