[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
On April 16, 1992, the plaintiff, Bruce Williams, was injured by the defendant, Mark Borsey, in the course of his employment. The plaintiff's employer, the City of Stamford, paid Worker's Compensation Benefits. On March 3, 1994, the plaintiffs, Bruce and Adele Williams, filed a third-party summons and complaint against the defendants, Mark Borsey and County Auto Wrecking 
Sales, Inc., and on the same day sent notification to the City of Stamford which was received on March 4, 1994. The City of Stamford filed a motion to intervene on June 23, 1994, which, although opposed, was granted by the court, Lewis, J., on September 6, 1995. The plaintiffs have now filed a motion for summary judgment, arguing that the appellate decision upon which the intervening plaintiff's motion to intervene was based was reversed by the Supreme Court.
The plaintiffs' motion implicates the power of the court to CT Page 5370-DD hear the case, and "the proper way to challenge subject matter jurisdiction is by a motion to dismiss, rather than a motion for summary judgment." Booth v. Flanagan, 19 Conn. App. 413, 415, A.2d (1989). However, "[o]nce the matter of lack of subject matter jurisdiction comes to the attention of the trial court . . . the trial court can proceed no further until the issue is resolved." Ertel v. Carothers, 34 Conn. App. 18, 21,639 A.2d 1055 (1994). Accordingly, the motion for summary judgment is not reached, but the court addresses the issue of subject matter jurisdiction.
The Supreme Court, in Rana v. Ritacco, 236 Conn. 330,672 A.2d 946 (1996) a decision released March 19, 1996, overturned the appellate court, and held "a party who brings a third party action and properly notifies his or her employer of such action pursuant to § 31-293(a) ordinarily will be permitted to pursue this action without the intervention of the employer if the employer fails to comply with the thirty day limit for intervention." Rana v. Ritacco, supra, 236 Conn. 340.[1] In granting the motion to intervene in the instant case, the court relied on the appellate court decision, Rana v. Ritacco, 36 Conn. App. 635,352 A.2d 1040 (1995), and held that the plaintiff's notice was sent prior to the time the action was served and returned to court, therefore was not notification to the employer that an action had been brought, and thus did not commence the thirty day period. The Supreme Court overruled the reasoning in the appellate court decision, and therefore in this case, and held that "[t]his court has long held that an action is brought once the writ, summons and complaint have been served upon a defendant." Rana v. Ritacco, supra, 236 Conn. 337. The writ, summons and complaint were served on the defendant March 3, 1994. The return date was March 29, 1994, and process was returned to the court well before that date, on March 7, 1994. The employer was notified by certified mail on March 4, 1994, one day after the action was "brought". The motion to intervene was not filed until June 23, 1994. Since the motion to intervene was not served within 30 days of notification of the third-party suit as required by General Statutes § 31-293(a), the intervening plaintiff's action has abated. Rana v. Ritacco, supra, 236 Conn. 339.
Although Judge Lewis' decision was a correct statement of the law at the time, the decision upon which it was based was overturned. Accordingly, the intervening plaintiff's complaint is dismissed for lack of subject matter jurisdiction. CT Page 5370-EE
D'ANDREA, J.