[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE MOTION FOR SUMMARY JUDGMENT
This case arises out of an intentional tort alleged to have been committed on January 10, 1992. The plaintiff, who is in the custody of the commissioner of correction, filed an application for waiver of costs and fees in connection with his intention to file this case on December 20, 1994. The court, Licari, J., granted the fee waiver application on January 20, 1995. The plaintiff thereafter promptly made arrangements for a sheriff to make service, which was done on January 26, 1995 with respect to the defendant New Haven Police Department and on January 30, 1995, with respect to the defendant Detective Joseph Hurley. The New Haven Department of Police Service and Detective Hurley now move for summary judgment, based on their claim that this action is barred by the applicable statute of limitations, General Statutes § 53-577.
It is undisputed that service upon these two defendants was not made until more than three years after the date of the act complained of. It is also undisputed that the plaintiff, more than twenty days in advance of the date upon which the statute of limitations was to run, made an effort to have this court waive fees and costs so that he could bring this action in forma pauperis, but that the fee waiver was not granted until ten days after the statute of limitations had run. The question raised by the instant motion for summary judgment is, therefore, whether there should be any exception to the general rule in a case where a person makes a timely application for a fee waiver but, when CT Page 9836 the waiver is eventually granted, the statute of limitations has already run.
It has long been the law in this state that an action is deemed to be commenced on the date on which service is made upon the defendant. Rana v. Ritacco, 236 Conn. 330, 337 (1996). An exception to this rule may be found in General Statutes § 52-593a, which provides that "a cause or right of action shall not be lost because of the passage of time limited by law within which the action may be brought, if the process to be served is personally delivered to an officer authorized to serve the process or is personally delivered to the office of any sheriff within the time limited by law, and the process is served, as provided by law, within fifteen days of the delivery." This court has been unable to find any other applicable exception which might save this plaintiff's cause of action.
The plaintiff notes that, having filed his fee waiver application nearly three weeks before the expiration of the statute of limitations, he made a good faith effort to preserve his cause of action. He also notes that he has no control over the speed at which his fee waiver application is processed by the court. In at least the latter contention, he is accurate, but this fact gives him no authority to evade the application of the statute of limitations. He had three years within which to commence this action, and by waiting until the antepenultimate moment, he has lost his opportunity.
The motion for summary judgment is therefore granted.
Jonathan E. Silbert, Judge