[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO DISMISS
This action arises from a bus accident in which the minor plaintiff, Denisha Blake, suffered injuries. Denisha brings this action by way of her mother, next friend and legal guardian, Macette Verner.
On October 20, 1995, the minor plaintiff was a passenger on a school bus that was stopped on West Putnam Avenue in Greenwich, Connecticut. The defendant, Thea Lovallo, was driving a Volkswagen directly behind the school bus and collided into the rear of the bus when the bus stopped. The plaintiff alleges that her injuries were caused by the negligence of Thea Lovallo.
The plaintiff served the complaint on defendants Thea Lovallo and Donna Lovallo, the owner of the vehicle, on September 5, 1997. The defendants served an apportionment complaint, dated December 5, 1997, on the apportionment defendants, Suburban Bus Services Inc. and Azael Echeverri, on December 9, 1997 and December 10, 1997, respectively. The Suburban Bus Services, Inc., owned the bus involved in the accident and Azael Echeverri was the driver of the subject bus. The return date on the apportionment complaint was January 20, 1998.
The apportionment complaint asserts that if the plaintiff suffered the injuries alleged, her injuries were caused by the negligence of the apportionment defendants, because "the bus stopped suddenly, abruptly and without warning." Thereafter on December 22, 1998, the plaintiff filed an amended complaint, adding a second count alleging a negligence claim against the apportionment defendants. The second count alleges that Echeverri operated the bus at an unreasonable rate of speed, stopped the bus abruptly without warning and failed to avoid a collision. The plaintiff did not serve the amended complaint on the apportionment defendants but did fax a copy of the amended complaint to the law offices of the attorney representing the apportionment defendants on March 25, 1998. CT Page 11617
On April 1, 1998, the attorney for the apportionment defendants filed an appearance on their behalf, which was seventy days after the return date on the apportionment complaint. The apportionment defendants filed a motion to dismiss the second count of the amended complaint on April 30, 1998 and the plaintiff responded with an objection in opposition.
"A motion to dismiss . . . properly attacks the jurisdiction of the court, essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court." (Emphasis in original; internal quotation marks omitted.) Gurliacci v. Mayer, 218 Conn. 531, 544,590 A.2d 914 (1991). More specifically, "[t]he motion to dismiss shall be used to assert (1) lack of jurisdiction over the subject matter . . ." (Internal quotation marks omitted.) Sadloski v.Manchester, 235 Conn. 637, 645-46 n. 13, 668 A.2d 1314 (1995).
The apportionment defendants move to dismiss the second count of the plaintiff's amended complaint on the grounds that (1) the court lacks subject matter jurisdiction, because the plaintiff failed to serve the amended complaint on the apportionment defendants within sixty days from the return date on the apportionment complaint pursuant to General Statutes § 52-102b(d) and (2) the plaintiff's claim brought against the apportionment defendants are barred by the statute of limitations set forth in General Statutes § 52-584.
The plaintiff argues that the motion to dismiss should be denied, because the apportionment defendants did receive a copy of the amended complaint, which was faxed to their attorneys on March 25, 1998. The plaintiff also contends that granting the motion to dismiss would severely prejudice her since the sixty day period in which to plead over has lapsed.
The apportionment defendants reply that even if faxing a copy of the amended complaint to the apportionment defendant's attorney constituted proper service, March 25, 1998 was still more than sixty days after the return date on the apportionment complaint.
General Statutes § 52-102b (d) provides, "Notwithstanding any applicable statute of limitation or repose, the plaintiff may, within sixty days of the return date of the apportionment complaint served pursuant to subsection (a) of this section,assert any claim against the apportionment defendant arising out CT Page 11618 of the transaction or occurrence that is the subject matter of the original complaint." (Emphasis added.) While the plaintiff instituted a claim against the apportionment defendants in the December 22, 1997 amended complaint, pursuant to her rights under § 52-102b, it was never served on the apportionment defendants.
The Connecticut Supreme Court "has long held that an action is brought once the writ, summons and complaint have been served upon a defendant." Rana v. Ritacco, 236 Conn. 330, 337,672 A.2d 946 (1996). "In Connecticut, an action is commenced on the date of service of the writ upon the defendant . . ." (Citations omitted.) Hillman v. Greenwich, 217 Conn. 520, 527, 587 A.2d 99
(1991); see also General Statutes § 52-45a. This requirement must still be met when the new party is an apportionment defendant under General Statutes § 52-102b. This court held in Witkin v. Schettino, Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. 149015 (April 1, 1997,D'Andrea, J.) (19 CONN. L. RPTR. 226), that "[p]ursuant to Public Acts 95-111 [(General Statutes § 52-102b)], the defendant's failure to serve a copy of the apportionment complaint on the [apportionment defendant] within 120 days of the return date specified in the plaintiff's original complaint is grounds for dismissal." The result is the same when the plaintiff fails to serve the amended complaint upon the apportionment defendants within sixty days of the return date of the apportionment complaint. After much consideration, the court respectfully declines to follow the well-reasoned decision of Judge Levin inKetchale v. Unger, Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. 396218 (July 14, 1998,Levin, J.) (22 CONN. L. RPTR. 418).
The plaintiff states that on March 25, 1998, she served the apportionment defendants, via facsimile, a copy of the amended complaint to the law offices of the attorney representing them. This could constitute proper service if the apportionment defendants' attorney had filed an appearance prior to the date the plaintiff sent the fax. See Practice Book § 10-12
(formerly § 121) (permitting service upon a party's attorney where the attorney has filed an appearance). In the present case, however, the apportionment defendants' attorney filed an appearance on April 1, 1998, which was six days after the plaintiff faxed the amended complaint. Even if the facsimile was proper service, it was not filed within sixty days of the retun date as required by General Statutes § 52-102b(d). CT Page 11619
Since the plaintiff failed to properly serve the apportionment defendants within sixty days of the return date of the apportionment complaint, pursuant to General Statutes § 52-102b(d), the apportionment defendants motion to dismiss is granted.
The court need not address the apportionment defendants' alterative ground that the second count of the amended complaint is time barred by General Statute § 52-584.
D'ANDREA, J.