[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO INTERVENE (#111)
This is a personal injury action brought by the plaintiff, Joseph Black (Black) against the defendants, Laurie Looney and Mark Looney, (Looney). According to the complaint, Black suffered injuries while maneuvering a broken garage door located at the Looney property. Black was on the property in order to make a pest inspection on behalf of his employer Aaaw Guaranty Pest Elimination (hereinafter "Aaaw Guaranty"). Aaaw Guaranty has moved to intervene in this case in order to recover worker's compensation benefits paid and to be paid to Black. Looney objects to the motion to intervene asserting that it is untimely. For the reasons set forth herein, the motion to intervene is granted. CT Page 8948
Section 31-293 of Connecticut Worker's Compensation Act authorizes third party actions brought by either employer or employee and provides that if either the employer or employee brings such an action, he shall immediately notify the other in writing. General Statutes § 31-293(a). The statute further provides that once notified the employer/employee has thirty days to join the action. Id. Black commenced this lawsuit by writ, summons and complaint returned to court on June 3, 1997. Aaaw Guaranty's motion to intervene was not filed until February 17, 1999.
Black, however, did not provide written notice of the action to Aaaw Guaranty. Despite this failure to comply with § 31-293, Looney claims that Aaaw Guaranty had both actual and constructive notice of Black's suit more than thirty days before the motion to intervene was filed. In support of this claim, Looney points to the fact that several pleadings in this case were certified to counsel for Aaaw Guaranty and that Aaaw Guaranty filed its own action in the Middletown Superior Court relating to this matter. Looney attempted to have the Middletown case transferred to New Haven. Ultimately, the Middletown case was dismissed due to Aaaw Guaranty's failure to respond to discovery requests.
The issue is whether actual notice through the circumstances described above is sufficient to trigger the thirty day intervention period prescribed by § 31-293 where no written notice has been given.
Our law is clear that "if an employer or employee who isproperty notified of a third party action fails to intervene in the action as a party plaintiff within thirty days from notification, his right of action against such third person shall abate. (emphasis added). Skitromo v. Meriden Yellow Cab Co.,204 Conn. 485, 489 (1987). However, "an employer who does not receive notice from an employee concerning the institution of a third party action in accordance with § 31-293(a) cannot be barred from intervening by the passage of time which this statute prescribes, because, until such notice is given, the time does not begin to run." (emphasis added). Rana v. Ritacco, 236 Conn. 330, 336
(1996); Lakewood Metal Products, Inc. v. Capital Machine SwitchCo., 154 Conn. 708, 710 (1967). Accordingly, to trigger the thirty day period, the employer must be "properly notified" in accordance with § 31-293(a). This did not happen. CT Page 8949
While Looney has presented persuasive proof that Aaaw Guaranty had at least constructive notice of this lawsuit, it is clear that the statutory notice procedures were not followed. Where a cause of action has been created by statute, strict compliance with the prescribed procedure is essential. Rana v.Ritacco, supra, 336 n. 4. Therefore, before Aaaw Guaranty could be barred from intervening based on the expiration of the thirty day period, it must first be shown that the written statutory notice was given. Since such notice was never given, the thirty day period never began to run.
For the reasons set forth above, the motion to intervene is granted.
So Ordered at New Haven, Connecticut this 1st day of July, 1999.
Devlin, J.