[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT (DOCKET ENTRY NO. 115)
The plaintiff, Joseph Mucherino, alleges that on June 15, 1994, he was a customer at a B.J.'s Wholesale Club, Inc. (B.J.'s) store when a portion of the exterior wall fell on him. The plaintiff commenced this action against B.J.'s on May 23, 1996 by service of process upon B.J.'s agent for service of process. On November 12, 1997, B.J.'s filed a motion for summary judgment alleging that B.J.'s, as a condominium unit owner, had no duty to repair the exterior wall, and that the condominium association was responsible for exterior wall repair.
On December 10, 1998, the plaintiff served an amended complaint on Bullard Square Association, Inc. (Bullard Square), the condominium association that allegedly was responsible for the repair of the exterior wall. Bullard Square now moves for summary judgment on the ground that the action against it is barred by the statute of limitations. The plaintiff opposes the motion.
Summary judgment shall be rendered forthwith if the CT Page 15592 pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Practice Book § 17-49. The party seeking summary judgment has the burden of showing the absence of any genuine issue of material facts. Hertz Corp. v. Federal Ins. Co., 245 Conn. 374,381, 713 A.2d 820 (1998). The party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact. Id.
The defendant Bullard Square argues that the present action is barred by the statute of limitations. General Statutes § 52-584
provides in pertinent part:
 "No action to recover damages for injury to the person . . . shall be brought but within two years from the date when the injury is first sustained or discovered or in the exercise of reasonable care should have been discovered, and except that no such action may be brought more than three years from the date of the act or omission complained of . . . ."
It is well established that an action is brought once the writ, summons and complaint have been served upon a defendant.Rana v. Ritacco, 236 Conn. 330, 337, 672 A.2d 946 (1996); see General Statutes § 52-45a; Practice Book § 8-1. Here, the plaintiff claims that he was injured on June 15, 1994. (See Amended Complaint, ¶ 3.) The plaintiff served this action on Bullard Square on December 10, 1998, more than two years after the plaintiff first sustained his alleged injuries.[1]
Accordingly, the plaintiff's claim is barred by the statute of limitations.
The plaintiff argues that Bullard Square was properly served in accordance with General Statutes § 52-57 (c).[2] Where a particular method of serving process is pointed out by statute, that method must be followed. Unless service of process is made in accordance therewith, the court to which it is returnable does not acquire jurisdiction. Board of Education v. Local 1282,31 Conn. App. 629, 632, 535 A.2d 396, cert. granted, 227 Conn. 909,632 A.2d 688 (1993).[3] Here, timely service was made upon B.J.'s agent for service of process. (See Sheriff's Return of Service, dated May 26, 1996.) The plaintiff does not submit any evidence to show that B.J.'s agent for service of process had authority under § 52-57 (c) to receive service for the defendant Bullard CT Page 15593 Square. Moreover, the plaintiff also does not submit evidence to support the proposition that B.J.'s agent for service of process was also Bullard Square's statutory agent for service of process under General Statutes § 47-244b.[4] Accordingly, summary judgment must enter because no genuine issue of material fact exists and Bullard Square is entitled to judgment as a matter of law.
For the foregoing reasons, Bullard Square's motion for summary judgment is hereby GRANTED.
MELVILLE, J.