[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO STRIKE PLAINTIFF'S AMENDED COMPLAINT (#111)
 BACKGROUND
This is a personal injury action brought by the plaintiff, Jean Y. Green ("Green") against the defendant, Habitat for Humanity for Greater New Haven, Inc. ("Habitat for Humanity"). According to her Amended Complaint dated September 10, 2000, Green alleges that on or about February 1, 1997 she volunteered to pick up trash at premises owned by Habitat for Humanity located at 378 Crown Street, New Haven. Green further alleges that she was instructed to clean the basement and was told by an agent of Habitat for Humanity that the basement stairs were safe. After working in the basement, Green allegedly walked up the basement stairs and upon reaching the top, the two top stairs collapsed causing Green to fall fifteen feet to a concrete floor and sustain injury.
Green's Amended Complaint is in two counts. The first count asserts a cause of action for recklessness and the second count pleads nuisance. Green's original complaint was dated January 11, 2000 and served upon Habitat for Humanity on January 13, 2000. The writ of summons and complaint were filed with the Superior Court on January 18, 2000. On July 5, 2000, Green filed the Amended Complaint that is the subject of the present motion. Habitat for Humanity has filed a motion to strike both counts of the Amended Complaint on the grounds that the complaint is barred by the applicable statute of limitations and, as to the nuisance count, fails to plead a claim upon which relief may be granted.
For the reasons set forth below, the motion to strike must be granted.
 DISCUSSION
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any [complaint] . . . to state a claim upon which relief can be granted." (Internal quotation marks omitted.)Peter-Michael, Inc. v. Sea Shell Associates, 244 Conn. 269, 270,709 A.2d 558 (1998). The motion to strike "admits all facts well pleaded; it does not admit legal conclusions or the truth or accuracy of CT Page 752 opinions stated in the pleadings." (Internal quotation marks omitted.) Doev. Yale University, 252 Conn. 641, 694, 748 A.2d 834 (2000). "In ruling on a motion to strike, the court is limited to the facts alleged in the complaint." (Internal quotation marks omitted.)Waters v. Autuori, 236 Conn. 820, 825, 676 A.2d 839, [676 A.2d 357] (1996). "It is fundamental that in determining the sufficiency of a complaint . . . all well-pleaded facts and those facts necessarily implied from the allegations are taken as admitted. . . ." (Citation omitted; internal quotation marks omitted.)Doe v. Yale University, supra, 252 Conn. 667. Thus, "[t]he court must construe the facts in the complaint most favorably to the plaintiff." (Internal quotation marks omitted.) Faulkner v. United TechnologiesCorp., 240 Conn. 576, 580, 693 A.2d 293 (1997).
"A claim that an action is barred by the lapse of the statute of limitations must be pleaded as a special defense, not raised by a motion to strike." Forbes v. Ballaro, 31 Conn. App. 235, 239, 624 A.2d 389
(1993). "In two limited situations, however, [the court] will allow the use of a motion to strike to raise the defense of the statute of limitations." Id. "The first is when [t]he parties agree that the complaint sets forth all the facts pertinent to the question whether the action is barred by the Statute of Limitations and that, therefore, it is proper to raise that question by [a motion to strike] instead of by answer." (Internal quotation marks omitted.) Id. "The second is where a statute gives a right of action which did not exist at common law, and fixes the time within which the right must be enforced. . . ." (Internal quotation marks omitted.) Id., 239-40.
In the present case, the operative date for purposes of determining whether the action is barred by the statute of limitations is the date the injury was first sustained or discovered, which is February 1, 1997. This is the same date contained in both Green's original and Amended Complaint as well as the parties' pleadings. Neither Green nor Habitat for Humanity disagree on the date on which Green first sustained or discovered her injury. On the present record, the complaint sets forth all the facts pertinent to the question of whether the action is barred by the statute of limitations.
It is well established that "an action is commenced on the date of service of the writ upon the defendant." (Internal quotation marks omitted.) Rana v. Ritacco, 236 Conn. 330, 337-38, 672 A.2d 946 (1996). General Statutes § 52-584 provides in relevant part that "[n]o action to recover damages for injury to the person . . . caused . . . by reckless or wanton misconduct . . . shall be brought but within two years from the date when the injury is first sustained or discovered or in the CT Page 753 exercise of reasonable care should have been discovered, and except that no such action may be brought more than three years from the date of the act or omission complained of. . . ." General Statutes § 52-577
provides that "[n]o action founded upon a tort shall be brought but within three years from the date of the act or omission complained of."
In addressing the scope of § 52-577, our Supreme Court determined that "[t]he three year provision of § 52-577 is applicable to all tort actions other than those excepted therefrom by § 52-584 or other sections." (Emphasis added.) Lambert v. Stovell, 205 Conn. 1, 4,529 A.2d 710 (1987). "Section 52-584 only applies to actions for negligence, recklessness, and medical malpractice." Berry v. Knight, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 334393 (May 9, 1997, Skolnick, J.). "Nuisance [on the other hand] is an action founded upon a tort [and as such, § 52-577 applies]."Mountaindale Condominium Assn. v. Zappone, Superior Court, judicial district of Litchfield at Litchfield, Docket No. 067279 (May 11, 1998,Pickett, J.), aff'd, 59 Conn. App. 311, 757 A.2d 608, cert. denied,254 Conn. 947, ___ A.2d ___ (2000). In the present case, the two year statue of limitations under § 52-584 is applicable to the Green's cause of action for recklessness; Berry v. Knight, supra, Superior Court, Docket No. 334393; while the three year statute of limitations under § 52-577 is applicable to her cause of action for nuisance.Mountaindale Condominium Assn. v. Zappone, supra, Superior Court, Docket No. 067279.
Here, Green alleges that she sustained her injuries on or about February 1, 1997. The operative date for filing a complaint sounding in recklessness is February 1 1999. Green commenced her action by service of process on January 13, 2000, more than two years from the date of her injury. Accordingly, the court must grant the motion to strike count one of the Amended Complaint because the action was commenced beyond the two year statute of limitations.
As to the nuisance count, Green asserts that the Amended Complaint relates back to the original complaint, thereby bringing the second count within the three year period prescribed by § 52-577. "[A]mendments relate back to the date of the complaint unless they allege a new cause of action." Giglio v. Connecticut Light Power Co., 180 Conn. 230, 239,429 A.2d 486 (1980). "This doctrine is akin to rule 15(c) of the Federal Rules of Civil Procedure, which provides in pertinent part . . . Whenever the claim or defense asserted in the amended pleading arose out of the conduct. . . . set forth in the original pleading, the amendment relates back to the date of the original pleading." (Internal quotation marks omitted.) Id., 239-40. Thus, "if the Amended Complaint [does] not relate back to the original complaint, the plaintiffs ultimate cause of action CT Page 754 [is] barred by the statute of limitations." Gurliacci v. Mayer,218 Conn. 531, 546, 590 A.2d 914 (1991).
"A cause of action is that single group of facts which is claimed to have brought about an unlawful injury to the plaintiff and which entitles the plaintiff to relief. . . . It is proper to amplify or expand what has already been alleged in support of a cause of action, provided the identity of the cause of action remains substantially the same, but where an entirely new and different factual situation is presented, a new and different cause of action is stated." (Internal quotation marks omitted.)Barrett v. Danbury Hospital, 232 Conn. 242, 263-64, 654 A.2d 748 (1995). "A fair test in determining whether an amended pleading introduces a new cause of action is whether evidence tending to support the facts alleged could have been introduced under the former pleadings. . . . Another approach . . . is to determine whether the adverse party . . . ought to have been able to anticipate or should have expected that the character of the originally pleaded claim might be altered or that other aspects of the conduct, transaction or occurrence set forth in the original pleading might be called into question." (Citation omitted.) Elhage v. King Conn.Enterprises, Superior Court, judicial district of Danbury, Docket No. 320137 (April 26, 1996, Stodolink, J.) (16 Conn.L.Rptr. 639).
In the present case, Green's Amended Complaint alleges the same group of operative facts identical to the original complaint. Barrett v.Danbury Hospital, supra, 232 Conn. 263-64. Green does not present "an entirely new and different factual situation" in her Amended Complaint. Id. Applying the tests in Elhage v. King Conn. Enterprises, supra,16 Conn.L.Rptr. 639, the evidence that supports the facts alleged in the Amended Complaint could have been introduced under the former complaint as well. Therefore, the court finds that Green's cause of action for nuisance relates back to the date she filed her original complaint.
Habitat for Humanity also claims that the Amended Complaint fails to allege facts sufficient to state a cause of action for nuisance. Specifically, Habitat for Humanity argues that Green had no public right to be on the Crown Street property. Green claims that being caused to fall to the floor because of a defective staircase, allegedly known to be defective by Habitat for Humanity, interferes with her public right to volunteer and affects the rights enjoyed by all citizens as part of the public.
"A common-law nuisance claim consists of four core elements: (1) the condition complained of had a natural tendency to create danger and inflict injury upon person or property; (2) the danger created was a continuing one; (3) the use of the land was unreasonable or unlawful; [and] (4) the existence of the nuisance was the proximate cause of the CT Page 755 plaintiffs' injuries and damages." (Internal quotation marks omitted.)Elliott v. Waterbury, 245 Conn. 385, 420, 715 A.2d 27 (1998). "In addition, [if] the plaintiff's injury [is] not related to a right which [the plaintiff] enjoys by reason of [her] ownership of an interest in land . . . and therefore, cannot be sustained as a private nuisance, the plaintiff has the additional burden associated with establishing a public nuisance, namely, proving that the nuisance interferes with a right common to the general public." (Citation omitted; internal quotation marks omitted.) Id., 421. In this case, Green does not claim that her injury is in any way related to her ownership of an interest in land. Accordingly, she must meet the requirements to plead a public nuisance.
With regard to a public nuisance, our Supreme Court stated that "[o]ne who enters the premises at the express or implied invitation of a tenant does not come upon them in the exercise of any public right, but is there by reason of a right extended to him by the tenant; and, if injured, the visitor to the premises cannot base his right to recover upon the existence of a public nuisance." Webel v. Yale University, 125 Conn. 515,524-25, 7 A.2d 215 (1939).
In the present case, Green has failed to allege facts sufficient to state a cause of action for public nuisance. Most notably, she fails to allege facts supporting the additional burden to prove that the nuisance interferes with a right common to the general public. Elliott v.Waterbury, supra, 245 Conn. 420-21. Here, Green alleges that Habitat for Humanity created and maintained a nuisance in a building that it had invited the public at large to enter and use. A business invitee, such as Green, however, does not enter the premises of the defendant in the exercise of some public right, but is there by reason of a right extended to him by the defendant and, therefore, cannot recover upon the existence of a public nuisance. Webel v. Yale University, supra,125 Conn. 524-25.[1] Accordingly, Habitat for Humanity's motion to strike count two of the Amended Complaint must be granted because Green has not alleged that her right to be on the property in question was a right common to the general public.
CONCLUSION
For the reasons set forth above, the motion to strike the first count of the Amended Complaint is granted because the recklessness cause of action was filed more than two years from the date of Green's injury. The motion to strike the second count of nuisance is also granted because Green had no public right to be on the defendant's property.
So Ordered at New Haven, Connecticut this 12th day of January, 2001. CT Page 756
Devlin, J.