[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION FOR SUMMARY JUDGMENT
The plaintiff, Arthur Carignan, filed a one count complaint on June 7, 2000, against the defendant, Savin Harbor Condominium Association, Inc., ("Savin"), for negligence in the maintenance of its property after he slipped on a patch of ice on January 16, 1999. Savin thereafter filed an apportionment complaint on November 14, 2000, against the defendant, Curtis Manseau, who was hired by Savin to maintain the premises.
The plaintiff then filed an amended complaint on January 17, 2001, alleging two counts of negligence against both Savin and Manseau. Manseau filed a motion to dismiss the amended complaint for lack of subject matter and personal jurisdiction on February 22, 2001, and a motion to strike the apportionment complaint on February 23, 2001. On April 4, 2001, the court, Hale, J., denied the motion to dismiss with regard to the amended complaint but granted the motion to strike the apportionment complaint on the basis that Savin had a non-delegable duty to maintain the premises.
Manseau filed this motion for summary judgment on July 19, 2001, CT Page 15907 claiming that the amended complaint against him is barred by the statute of limitations because it was filed two years after the injury occurred. He argues that the extension for apportionment complaints provided by General Statutes § 52-102b(d) does not apply because the apportionment claim itself was invalid as a matter of law, and that the plaintiff was required to cite in any additional defendant prior to serving the amended complaint.
It is undisputed that the plaintiff's injury occurred on January 16, 1999 and that General Statutes § 52-584 provides that a negligence action is barred unless brought within "two years from the date when the injury is first sustained or discovered or in the exercise of reasonable care should have been discovered. . . ." Manseau maintains that because the amended complaint was filed with the court on January 17, 2001, it is barred by the statute of limitations and he is entitled to judgment as a matter of law. The plaintiff argues that the period of limitations runs from the date of service of process on Manseau mailed to his attorney on January 1, 2001, and not the filing date of the amended complaint.
 I.
Our Supreme Court has clearly stated that a suit commences once the writ, summons and complaint have been served upon a defendant. Rana v.Ritacco, 236 Conn. 330, 337, 672 A.2d 946 (1996). Moreover, the Practice Book states that "[w]hen a party is represented by an attorney, the service shall be made upon the attorney unless service upon the party is ordered by the judicial authority." Practice Book § 10-12(a). Additionally, the Practice Book also states that "[s]ervice upon the attorney . . . may be made by delivering a copy or by mailing it to the last known address of the attorney or party. . . . Service by mail is complete upon mailing. . . ." (Emphasis added.) Practice Book §10-13.
As the plaintiff points out in his argument, Manseau's attorney filed an appearance on December 8, 2000. It was within the plaintiff's right to then serve the attorney by mail with the amended complaint. The amended complaint was dated and, according to the plaintiff, mailed on January 11, 2001, from the plaintiff's attorney's office in Hartford to the defendant's attorney's office, which is also located in Hartford. The plaintiff points out that the court can take judicial notice that in the ordinary course of mail, the amended complaint would have reached its destination before January 16, 2001, which is within the statute of limitations. However, there is no claim from the defendant that his attorney was not served on or before January 16, 2001. Moreover, Manseau previously filed a motion to dismiss the amended complaint based on insufficiency of process, and it was denied by the court, Hale, J. It is CT Page 15908 concluded that service of process on Manseau was sufficient and timely.
 II.
Manseau alternatively claims that since the apportionment claim itself was invalid as a matter of law, the plaintiff cannot avail himself of the sixty (60) day extension for apportionment complaints provided by General Statutes § 52-102b(d). Manseau had argued that since the court,Hale, J., struck the apportionment complaint, he was not legally cognizable as an apportionment defendant, and because § 52-102b(d) would not apply, there would not be an extension, and the plaintiff's claim would fail because it was not served within the applicable statute of limitations. However, as demonstrated above, plaintiff did not require such an extension.
 III.
Manseau also argues that because it was improper for Savin to make him a defendant through an apportionment complaint because the plaintiff was required to seek the court's permission to cite in additional defendants prior to serving the amended complaint because he was never properly made a party to the case. The plaintiff argues that where an apportionment complaint is stricken because it was based on a non-delegable duty, the plaintiff's timely amended complaint alleging a direct claim against the putative apportionment defendant is sufficient at law.
In Gazo v. Stamford, 255 Conn. 245, 765 A.2d 505 (2001), our Supreme Court concluded that an independent contractor owed a direct duty of care to the plaintiff because the relationship between the alleged negligence and the plaintiff's injuries was direct and within the scope of foreseeability and therefore the contractor was accountable for the plaintiff's injuries because they were caused by his negligent performance of his contract. In Butlein v. 1220 WR Associates, LLC, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 376353 (May 30, 2001, Skolnick, J.), on facts similar to those in the present case, the court, applying the rule in Gazo, treated the amended complaint as a direct, timely claim against the putative apportionment defendant, having been brought within two years of the incident. The apportionment defendant in Butlein had moved to strike the plaintiff's complaint against it on the basis that the underlying apportionment complaint had been previously stricken. The court found that the plaintiff had alleged a sufficient negligence cause of action and denied the motion to strike.
For the foregoing reasons defendant's motion for summary judgment is DENIED. CT Page 15909
Wagner, JTR